```
              IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,     )    CR 23-00085-SOM-KJM-1
                              )
          Plaintiff(s),       )
                              )    ORDER DENYING IN PART
     vs.                      )    DEFENDANT'S DISCOVERY MOTION
                              )    (ECF NO. 144)AND REQUIRING
ISAIAH MCCOY,                 )    GOVERNMENT RESPONSE TO
                              )    REMAINING ISSUES
          Defendant(s).       )
_____ )
```

**ORDER DENYING IN PART DEFENDANT'S DISCOVERY MOTION (ECF NO. 144) AND REQUIRING GOVERNMENT RESPONSE TO REMAINING ISSUES**

        The court has reviewed Defendant Isaiah McCoy's discovery motion. To the extent this order leaves any portion of that motion pending, the Government's response is due by 4:00 p.m. on Tuesday, April 16, 2024. Mr. McCoy may file an optional reply before this court rules, which is likely to occur by the afternoon of April 18, 2024. The court will decide the motion without a hearing.

        The court directs the Government to address in its response the portion of the motion asserting that some of the discovery is not actually viewable at FDC.

        The motion complains that nonexplicit material has been included on the explicit hard drive. The court's understanding is that, quite apart from any dispute about what is and is not sexually explicit, the Government has produced material extracted from cell phones in an intact manner. That is, when the extracted material included both explicit and nonexplicit material, the

Government included all of that material on the explicit hard drive without dissecting that material into explicit and nonexplicit categories. This has the advantage of avoiding confusion that might result if explicit material were cut out of a text message chain, leaving the ensuing messages without context. It also has allowed production of discovery even in the face of disputes about what is and is not explicit.

The court understands that Mr. McCoy can view the explicit hard drive in a designated room at FDC from 7 a.m. to 8 p.m. every day (or alternatively he could be taken on work days to view the material at a Homeland Security office during normal business hours, which would avoid disruptions relating to prison operations). While the court understands that Mr. McCoy would have greater access to the material on the explicit hard drive if at least the nonexplicit material on the explicit hard could be loaded onto the laptop he has in his cell, the court is not presently persuaded that the access he has been afforded is insufficient. To the extent the motion argues that Mr. McCoy's rights are being violated by the inclusion of nonexplict material on the explicit hard drive, the motion is denied.

Notwithstanding the court's preceding ruling, the court remains willing to consider reasonable measures to increase Mr. McCoy's access to discovery materials. The court therefore asks the Government to address in its response whether it could

produce another copy of the explicit hard drive so that Mr. McCoy could not only go to the designated room to view the intact phone extractions on the already produced explicit hard drive, but could also work with a second copy of the explicit hard drive to delete the explicit material in the same manner in which he says he has deleted the explicit material that was inadvertently included in the nonexplicit hard drive. What the court is positing is that Mr. McCoy could prepare for himself a version of what is now the explicit hard drive that contains only what is clearly nonexplicit material that could then be loaded onto the laptop he has in his cell. For this to work, the Government would need to review the result of Mr, McCoy's deletions to ensure that it does not include explicit material, and disputes about what is and what is not sexually explicit would need to be resolved. Mr. McCoy could avoid such disputes by erring on the side of deletions (e.g., by deleting all photos and videos).

In addressing increased access, the court is not ruling that the present access is constitutionally deficient. For that reason, the court is not placing on the Government the burden of deleting nonexplict material from the explicit hard drive. Had the hours that Mr. McCoy could go to the room been more limited, this court would likely reach a different conclusion.

Mr. McCoy's motion also complains about discovery he says the Government should have obtained. To the extent Mr. McCoy's motion seeks an order directing the Government to obtain material, that portion of the motion is denied. A defendant has no right to control what evidence the Government gathers.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 15, 2024.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*USA v. Isaiah McCoy, Criminal No. 23-00085-SOM-KJM-1; ORDER DENYING IN PART DEFENDANT'S DISCOVERY MOTION (ECF NO. 144) AND REQUIRING GOVERNMENT RESPONSE TO REMAINING ISSUES*