IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 23-00085-SOM-KJM-1 |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | ORDER DENYING REMAINDER OF |
| vs. | ) | DISCOVERY MOTION |
| | ) | |
| ISAIAH MCCOY, | ) | |
| | ) | |
| Defendant(s). | ) | |
| _____ | ) | |

**ORDER DENYING REMAINDER OF DISCOVERY MOTION**

This order supplements the court's order at ECF No. 146. The Government asserts that, both before and after Mr. McCoy filed his discovery motion, it has shown Defendant Isaiah McCoy how to access cell phone records produced in discovery. If this is so, then to the extent a portion of Mr. McCoy's motion seeks further access to cell phone records, that portion of the motion is denied.

In his reply memorandum filed on April 17, 2024, Mr. McCoy makes several new requests.

First, he says that he "would like paper copies of all text messages, emails, escort ad[]s with only the wording etc." This court understands that paper may sometimes be more convenient than electronic documents and has never barred Mr. McCoy from having his standby counsel print and deliver to him documents Mr. McCoy selects that have no sexually explicit

1

images. Before Mr. McCoy asks his standby counsel to print hundreds of thousands of pages, Mr. McCoy should consider the following: (1) Mr. McCoy will not be allowed to have explicit material in his cell, so explicit material first needs to be separated from nonexplicit material, (2) Mr. McCoy should formulate a plan for organizing a huge volume of paper, and (3) if the amount becomes voluminous, storage arrangements will need to be made, and this court has no way to give Mr. McCoy a cell at FDC that can hold hundreds of thousands of pages of documents. However, long before electronic discovery became routine in criminal cases, the BOP had to deal with giving detainees access to voluminous paper files when cases involved a great deal of discovery. This court is unaware of any obstacle to FDC's application of that older protocol. The court is also prepared to consider reasonable proposals by Mr. McCoy concerning storage.

While this court is committed to ensuring that Mr. McCoy has access to discovery, Mr. McCoy is mistaken if he thinks that he has more rights than all other defendants in federal criminal cases. It is not unusual for defendants in other cases to receive discovery in electronic form. This has sometimes posed complications even for defendants who are represented by counsel, but, assuming that the electronic discovery is in fact viewable in the form produced, the court is unaware of any law (and Mr. McCoy's request is unaccompanied by any citation to authority)

2

requiring the additional production by the Government of hard
copies. Mr. McCoy has opted to represent himself while
incarcerated, but that choice does not give rise to extra rights.
A prime example of Mr. McCoy's mistaken view of what he has a
right to have prepared for him is his request for copies of
escort ads with images removed, leaving only the text of those
ads. Mr. McCoy may work with his standby counsel to prepare hard
copies of redacted escort ads. He should show these to the
Government, which may have no objection to Mr. McCoy's possession
of such redacted material in his cell. But, given his existing
access to the unredacted ads, Mr. McCoy does not establish that
he has a right to require the Government to prepare such redacted
material.

Second, Mr. McCoy says, "You're saying if there is 10
explicit photos amongst 1000 that [I] don't get the 1000 because
of the 10." Mr. McCoy mischaracterizes this court's position.
This court has never said that the presence of explicit material
mixed with nonexplicit material means that Mr. McCoy cannot get
the nonexplicit material that has been mixed with explicit
material. Mr. McCoy can see all of this mixed material in a
designated area at FDC seven days a week, from 7 a.m. to 8 p.m.
He can also view all of the mixed material at a Homeland Security
office during normal working hours. He is free to view the
material using a combination of the designated FDC area and

visits to the off-site Homeland Security office (for example, by going to the Homeland Security office during working hours so as not to be subjected to prison scheduling, while using the designated area at FDC before and after normal business hours and on holidays and weekends). The Government has also agreed to give Mr. McCoy a second copy of the hard drive with the mixed discovery, and he may "unmix" that material so that the nonexplicit material can then be loaded onto a laptop that he can keep in his cell, assuming the Government can confirm the removal of explicit material.

This court's recent discovery rulings are greatly influenced by the availability of the designated area at FDC seven days a week, from 7 a.m. to 8 p.m. When this court engaged in discussions with the parties earlier in this case, that designated area had not been made as available, and instead Mr. McCoy was only allowed to see the explicit or mixed material in the presence of standby counsel. Standby counsel was not available to be with Mr. McCoy seven days a week, from 7 a.m. to 8 p.m. Now that the discovery material has been made significantly more available to Mr. McCoy, the court is naturally taking that into account.

Third, Mr. McCoy complains that this judge does not "want to take the time to do the in camera review" and should "delegate it to the magistrate judge." Mr. McCoy has never

explained the purpose of this proposed in camera review. An in camera review is conducted "in camera" so as not to be done publicly. Typically, one party asks for the review of material that is not available to the other side. The court then makes a ruling. The court might, for instance, rule that the material must be shared with the other side, or alternatively need not be shared. Here, the material in issue is in the hands of both sides, so the court is at a loss to understand why the review must be done in camera. If Mr. McCoy has specific material he wants this court to review, he should identify it and submit it to this court. If any of the material is covered by the protective order, it should be submitted under seal. The idea of an in camera review seems inapposite to Mr. McCoy's complaints, at least on the present record. That is as true for the magistrate judge as it is for the district judge. If what Mr. McCoy is asking is that this court go through all of the discovery, he needs to articulate a clear purpose, instead of just asking for a wholesale review and complaining that this court is not taking the time to do what he asks.

Fourth, Mr. McCoy seeks an order that the Government turn over its trial exhibits now, rather than shortly before the July 1 trial date, when Mr. McCoy's own trial exhibits will also be due. While this would undoubtedly be helpful to Mr. McCoy, nothing in the law supports such a requirement. As this court

noted earlier in this minute order, Mr. McCoy is not somehow imbued with greater rights than all other defendants.

Finally, the court notes that Mr. McCoy appears to be having no problem filing documents from FDC, typically filing multiple documents each week, and sometimes multiple documents in a single day. The court also notes that the deadline for Mr. McCoy's responses to the Government's motions in limine is Friday, April 19, 2024. Standby counsel is not in trial on Fridays so presumably can visit FDC on April 19 and connect his laptop to Mr. McCoy's word processing device if Mr. McCoy has drafted his responses on that device. That connection would allow Mr, McCoy to transmit his responses to standby counsel for timely filing.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 18, 2024.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*USA v. Isaiah McCoy, Criminal No. 23-00085-SOM-KJM-1; ORDER DENYING REMAINDER OF DISCOVERY MOTION*