IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | CR. NO. 23-00085 SOM/KJM |
| Plaintiff, | ) ) ) ) ) | ORDER DENYING WITHOUT PREJUDICE THE GOVERNMENT'S AMENDED MOTION IN LIMINE TO ADMIT EVIDENCE INEXTRICABLY |
| vs. | ) ) ) ) | INTERTWINED, OR ALTERNATIVELY, PURSUANT TO RULE 404(B), ECF NO. 63; |
| ISAIAH McCOY, | ) ) | ORDER GRANTING THE |
| Defendant. | ) ) ) | GOVERNMENT'S MOTION IN LIMINE REGARDING VICTIM IDENTITY AT TRIAL, ECF NO. 67; |

ORDER DENYING WITHOUT
PREJUDICE THE GOVERNMENT'S
MOTION IN LIMINE TO ADMIT
AGENT OPINION TESTIMONY
REGARDING SEX TRAFFICKING,
ECF NO. 68;

ORDER DENYING WITHOUT
PREJUDICE THE GOVERNMENT'S
MOTION IN LIMINE TO ALLOW
CROSS-EXAMINATION OF THE
DEFENDANT REGARDING A PRIOR
CONVICTION, ECF NO. 69;

ORDER GRANTING THE
GOVERNMENT'S MOTION IN LIMINE
TO PRECLUDE REFERENCE TO
PENALTY, ECF NO. 70; AND

ORDER GRANTING THE
GOVERNMENT'S MOTION IN LIMINE
REGARDING FEDERAL RULE OF
EVIDENCE 412, ECF NO. 73

**ORDER DENYING WITHOUT PREJUDICE THE GOVERNMENT'S AMENDED MOTION IN LIMINE TO ADMIT EVIDENCE INEXTRICABLY INTERTWINED, OR ALTERNATIVELY, PURSUANT TO RULE 404(B), ECF NO. 63; ORDER GRANTING THE GOVERNMENT'S MOTION IN LIMINE REGARDING VICTIM IDENTITY AT TRIAL, ECF NO. 67; ORDER DENYING WITHOUT PREJUDICE THE GOVERNMENT'S MOTION IN LIMINE TO ADMIT AGENT OPINION TESTIMONY REGARDING SEX TRAFFICKING, ECF NO. 68; ORDER DENYING WITHOUT PREJUDICE THE GOVERNMENT'S MOTION IN LIMINE TO ALLOW CROSS-EXAMINATION OF THE DEFENDANT REGARDING A PRIOR CONVICTION, ECF NO. 69; ORDER GRANTING THE GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE REFERENCE TO PENALTY, ECF NO. 70; AND ORDER GRANTING THE GOVERNMENT'S MOTION IN LIMINE REGARDING FEDERAL RULE OF EVIDENCE 412, ECF NO. 73**

## I.        INTRODUCTION

In a 20-count Indictment filed October 26, 2023, Defendant Isaiah McCoy ("McCoy") was charged with sex trafficking of a minor and sex trafficking by force, fraud, or coercion (Count 1-Victim 1); sex trafficking by force, fraud, or coercion (Counts 2-5-Victims 2 through 5); interstate and foreign travel or transportation in aid of racketeering enterprises (Counts 6-9, 11-12, 14-16); obstruction (Counts 17-19); and transportation for purposes of prostitution (Count 20-Victim 4).

Co-Defendant Anwar Al Rasul was charged with interstate and foreign travel or transportation in aid of racketeering enterprises in Counts 10, 11, and 13.  Pursuant to a memorandum of plea agreement, Al Rasul entered a guilty plea to Count 10. In return, the Government agreed to dismiss Counts 11 and 13 against him at his upcoming sentencing.  *See* ECF Nos. 58, 59.

The Government filed the following motions in limine: (1) Amended Motion in Limine to Admit Evidence as Inextricably

2

Intertwined, or Alternatively, Pursuant to Rule 404(B), ECF No. 63; (2) Motion in Limine Regarding Victim Identity at Trial, ECF No. 67; (3) Motion in Limine to Admit Agent Lay Opinion Testimony Regarding Sex Trafficking, ECF No. 68; (4) Motion in Limine to Allow Cross-Examination of the Defendant Regarding a Prior Conviction, ECF No. 69; (5) Motion in Limine to Preclude Reference to Penalty, ECF No. 70; and (6) Motion in Limine Regarding Federal Rule of Evidence 412, ECF No. 73. *See* ECF Nos. 63, 67, 68, 69, 70, and 73. Defendant Isaiah McCoy filed responses to these motions, and the Government filed reply memoranda in support of the motions. *See* ECF Nos. 183, 191, 205-207, 217, and 218. A hearing on the motions was held on May 10, 2024, at which the parties were given an opportunity to present arguments.

After the hearing, McCoy sought and was granted leave to file a supplemental opposition regarding the Rule 412 motion, and the Government filed a response to McCoy's supplement. The court, having considered all of the arguments by the parties, rules as follows:

(1) The Government's Amended Motion in Limine to Admit Evidence as Inextricably Intertwined, or Alternatively, Pursuant to Rule 404(B), ECF No. 63, is denied without prejudice;

(2) The Government's Motion in Limine Regarding Victim Identity at Trial, ECF No. 67, is granted;

(3) The Government's Motion in Limine to Admit Agent Opinion Testimony Regarding Sex Trafficking, ECF No. 68, is denied without prejudice;

(4) The Government's Motion in Limine to Allow Cross-Examination of the Defendant Regarding a Prior Conviction, ECF No. 69, is denied without prejudice;

(5) The Government's Motion in Limine to Preclude Reference to Penalty, ECF No. 70, is granted; and

(6) The Government's Motion in Limine Regarding Federal Rule of Evidence 412, ECF No. 73, is granted.

In denying certain motions without prejudice, this court is expressly indicating that trial evidence may end up justifying the rulings sought by those motions even though the record at this time does not support such rulings.

## II.      ANALYSIS.

### A.   The Government's Amended Motion in Limine to Admit Evidence as Inextricably Intertwined, or Alternatively, Pursuant to Rule 404(B), ECF No. 63, is Denied Without Prejudice.

The Government has provided notice that it intends to offer evidence of McCoy's other bad acts during its case-in-chief, including:

(1) evidence of McCoy's incarceration for the state robbery charge;

(2) evidence of McCoy's violation of bail conditions for state robbery charge;

4

(3) evidence of McCoy's prior legal proceedings;

(4) evidence that McCoy obtained and transferred contraband through a prison guard;

(5) evidence that McCoy obtained a stolen credit card and directed Victim 2 to use it to pay his bond;

(6) evidence that McCoy coerced Victim 4 to perjure herself in his Hawaii state robbery trial;

(7) evidence of McCoy's sex acts with Minor Victim 1;

(8) evidence of McCoy's use of violence against the alleged victims; and

(9) evidence of McCoy's broader commercial sex enterprise.

Rule 404(b) of the Federal Rules of Evidence generally controls whether evidence of other crimes, wrongs, or acts is admissible:

**(b) Other Crimes, Wrongs, or Acts.**

**(1) Prohibited Uses.** Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

**(2) Permitted Uses.** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

**(3) Notice in a Criminal Case.** In a criminal case, the prosecutor must:

**(A)** provide reasonable notice of any such evidence that the prosecutor intends

to offer at trial, so that the defendant has a fair opportunity to meet it;

**(B)** articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and

**(C)** do so in writing before trial — or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

A trial court will admit Rule 404(b) evidence when "(1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged." *United States v. Verduzco*, 373 F.3d 1022, 1027 (9th Cir. 2004)

The Ninth Circuit does not consider certain evidence to be "other crimes, wrongs, or acts" for purposes of Rule 404(b). This includes evidence that the "other" act and the crime charged in the instant indictment are "inextricably intertwined." *United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012). The Ninth Circuit has explained that two general categories of "other" acts are generally considered to be intertwined with a charged crime: "First, other act evidence may constitute a part of the transaction that serves as the basis for the criminal charge. Second, admission of other act evidence may be necessary to permit the prosecutor to offer a coherent and comprehensible

6

story regarding the commission of the crime." *Id.* (quotation marks, alterations, and citations omitted).  Evidence in these categories may be admitted without Rule 404(b) considerations.

The court deems the Government's motion in limine to be its notice pursuant to Rule 404(b)(3).  To the extent the Government seeks a pretrial ruling that such evidence is admissible, the motion is denied at this time without prejudice to being revisited during trial.  Rather than ruling pretrial that the Government may offer certain evidence of "other" bad acts or that bad acts are inextricably intertwined with the charged conduct, the court thinks the better course is to wait until trial clarifies the context in which that evidence is offered.  That context can then inform any decision as to whether to admit such evidence.  The Government's motion does not include sufficient detail for the court to make an informed determination.  Accordingly, the court denies the Government's motion in limine to admit Rule 404(b) evidence or to rule that the evidence is inextricably intertwined with the charged conduct.  The court expects that the issues raised by the motion will be addressed during trial.

If at trial the Government seeks to introduce the evidence in issue, it must first provide the court and McCoy with notice of its intent to do so outside the presence of the jury. The Government may then provide the court with an offer of proof

outside the jury's presence before going into any area involving
Rule 404(b) evidence or evidence of bad acts that are
inextricably intertwined with the charged conduct.

To assist the parties during upcoming trial
proceedings, this court address here each of the nine categories
identified in the motion.

### 1. Evidence of McCoy's Incarceration Arising Out of the State Robbery Charge.

The Government specifically seeks to introduce evidence
of McCoy's incarceration relating to a state robbery charge (both
pretrial and upon sentencing), arguing that such evidence is
inextricably intertwined with proving that the victims in this
case engaged in commercial sex acts to avoid harm from McCoy.  On
the present record, it is not clear what the evidence will show
or why specific reference to what crime McCoy was incarcerated
for is necessary.

For example, the Government says it has recorded jail
calls.  Whether it is necessary for the Government to show where
McCoy was at the time the calls were recorded is not yet clear.
Similarly, the Government says that McCoy used the phone to
coerce, cajole, and threaten alleged victims, but the record is
unclear as to what precisely that involved.

The Indictment alleges that McCoy used "jailhouse
telephones" to facilitate interstate travel or transportation in
aid of racketeering enterprise.  McCoy was allegedly incarcerated

from October 7 through December 2, 2019.  Count 11 alleges that between October 17 and October 19, 2019, McCoy used a cellular telephone to discuss the booking of and collection of payments for commercial sex dates.  The Indictment suggests that McCoy was incarcerated when he made those calls.  It may indeed be necessary for the jury to hear where McCoy was when the calls were made, but this court presently lacks a basis for so concluding.  Moreover, at the hearing on this motion in limine, the Government conceded that, at least for purposes of its Rule 404(b) motion, it might not need to indicate what crime McCoy was convicted of, even if it had to show that he was incarcerated.  This court also notes that it does not have sufficient material to conduct an analysis balancing the prejudice to McCoy against the probative value of the proffered evidence under Rule 403.

This court understands that the Government's position is that McCoy was making calls from prison to force victims to put money into his prison account or to pay his bond.  This evidence may well end up being admitted.  However, given the dearth of information before this court as to exactly what the Government intends to introduce, the court denies the request to admit such evidence without prejudice to a future consideration of this issue on a fuller record.

**2.    Evidence of McCoy's Alleged Violation of Bail Conditions With Respect to the State Robbery Charge.**

The Government represents that McCoy violated his bail conditions with respect to the state robbery charge when he attempted to fly from Honolulu to California to have his alleged victims engage in commercial sex.  The Government says that, on October 7, 2019, McCoy went to the airport with Victims 2 and 3. McCoy allegedly gave Victim 2 $1000 in cash to buy airline tickets for the three of them.  McCoy told them that he was flying without a government-issued identification.  After a TSA interview, McCoy was allowed to go through security, but was later arrested.  McCoy was allegedly carrying all of Victim 2's and Victim 3's money, except for the money Victim 2 had after purchasing the tickets.  When he was arrested, McCoy allegedly told the women to "book a room," which they understood to mean that they should engage in commercial sex work.

The Government says evidence of the alleged violation of bail conditions should be admitted to show the control McCoy exercised over the alleged victims.  Some of the evidence surrounding the attempted travel is likely admissible, but this court cannot on this record say the probative value of the evidence outweighs the prejudicial effect of mentioning a bail violation.  Thus, for example, holding an alleged victim's money may indicate control, but whether the prejudice of mentioning a

violation of bail conditions outweighs the value of that evidence cannot now be determined.  Possibly, the Government should offer the evidence of control and of alleged sex trafficking and even of McCoy's arrest without referring to a "bail violation." Similarly, telling the women to "book a room" does seem inextricably intertwined with Counts 2 and 3 (pertaining to sex trafficking of Victims 2 and 3), as the alleged victims allegedly immediately began to engage in commercial sex work, but it is not clear that the Government needs to refer to a "bail violation."

It may well be that it is necessary for the Government to introduce evidence with respect to why McCoy was arrested at the airport to give context to his "book a room" statement. Indeed, a reference to a "bail violation" may be less prejudicial than letting the jury speculate that the arrest was for something much worse.  However, the court cannot perform the necessary analysis under either Rule 404(b) or Rule 403 given the sparse record before it.

The Government also contends that McCoy used the fact of his arrest to later intimidate Victim 2.  This court requires greater context to properly balance such Rule 404(b) and Rule 403 matters.

To the extent the Government seeks an order admitting evidence that McCoy violated bail conditions, the request is denied without prejudice to possible later consideration of

admission at trial of such material.

### 3.    Evidence of McCoy's Prior Legal Proceedings.

The Government says that McCoy bragged to alleged victims about having been on death row for a murder in Delaware and about having gotten earlier sex trafficking charges dismissed.  The Government argues that in making such statements McCoy hoped to show that he was "untouchable" and that victims should therefore do whatever he wanted.  There is allegedly a recorded call in which McCoy tells an alleged victim to Google his name to learn more about his prior criminal matters.

This may well be evidence that is inextricably intertwined with the existing charges of sex trafficking by force or coercion.  However, the exact factual context of any such statement is necessary for this court to decide whether, for example, McCoy's statements were threatening (e.g., an implicit statement that victims should understand his vast ability to obtain whatever he wanted).

The court therefore denies the Government's request to admit evidence of McCoy's prior legal proceedings at this time, although this denial is subject to review as trial proceeds.

### 4.    Evidence That McCoy Obtained and Transferred Contraband Through a Prison Guard.

The Government seeks to introduce evidence that McCoy directed Victims 2 and 3 and Al Rasul (his brother) to deliver

commercial sex proceeds to a prison guard (Jon Estabilio[1]) to induce the guard to provide him with an illicit cellular phone. McCoy allegedly sought to continue to direct his commercial sex activities while in prison.  A contraband cellular telephone would not be monitored.

Such evidence is likely inextricably intertwined with some of the charges (e.g., Counts 11 and 12).  However, context is needed for the court to make an informed decision as to whether that evidence should be admitted.  The Government's request is denied without prejudice.

> 5. **Evidence That McCoy Obtained a Stolen Credit Card and Directed Victim 2 to Use it to Pay McCoy's Bond.**

The Government says that McCoy arranged to have a prison guard (Estabilio) give Victim 2 a stolen credit card, which she used to withdraw money to post McCoy's bond.  Victim 2 was later arrested and entered a guilty plea to the unauthorized use of the card.  McCoy allegedly attempted to control Victim 2's decision to plead guilty.

While this conduct seems inextricably intertwined with the charge in Count 17, pertaining to obstruction with respect to Victim 2, the court declines to admit the evidence at this time.

---

[1] In February 2021, pursuant to a plea agreement, Estabilio entered a guilty plea in Criminal No. 21-00005 LEK to having possessed with intent to distribute 5 grams or more of methamphetamine found during an administrative search at the Oahu Community Correctional Center, among other things.  *See United States v. Estabilio*, Crim. No. 21-00005 LEK, ECF No. 30.

Again, factual context that will allow the court to make a more reasoned decision as to the admissibility of such evidence is necessary.

>    **6.    Evidence That McCoy Coerced Victim 4 to Perjure Herself in His Hawaii State Robbery Trial.**

The Government says that McCoy coerced Victim 4 to perjure herself in McCoy's robbery trial.  Victim 4 will supposedly testify that she lied because McCoy was still actively trafficking her and controlling every aspect of her life.

These acts appear to be related to Count 4, which pertains to the sex trafficking of Victim 4.  McCoy's alleged coercion of Victim 4 to perjure herself may or may not be inextricably intertwined with the sex trafficking charge.  Under Rule 404(b), such evidence may also serve "another purpose," tending to show the extent that McCoy was controlling Victim 4 and implementing his "plan," and the "absence of a mistake" by him.  The uncertainty of how such evidence will be used gives the court pause.  Rather than admitting such evidence at this time, the court denies the request without prejudice so that the court can make a more informed decision based on a more detailed factual context at trial.

>    **7.    Evidence of McCoy's Sex Acts With a Minor Victim.**

The Government seeks to introduce evidence that, while allegedly having sex with McCoy, Minor Victim 1 at first told him

that she was 18 years old, but later followed up with a text message saying that she was only 16.  Even after she sent that text message, McCoy allegedly continued to arrange commercial sex acts for Minor Victim 1.

The Government has not shown on the present record why it is necessary to show that McCoy was having sex with the minor when she told him she was 18.  With respect to the motion in limine, at this point, all that appears to matter is that Minor Victim 1 originally told McCoy that she was 18, but later told him she was 16.  If the Government offers those statements without referencing any sex acts between McCoy and Minor Victim 1, the court is at this time unaware of any reason the Government could not then add evidence that, despite being told she was 16, McCoy still arranged commercial sex dates for her and collected all of the earnings from those dates.

The court recognizes that the Government has filed a separate motion based on Rule 412, which includes allowances for evidence "offered by the prosecutor."  However, with respect to the Rule 404(b) motion, the court leaves the determination of admissibility for trial, when the court will have a fuller record.

### 8.   Evidence of McCoy's Use of Violence Against the Victims.

The Government seeks to introduce evidence that McCoy used violence against the alleged victims (or directed others to

15

do so) to get them to fear serious harm if they did not participate in the alleged sex trafficking activities.  It is not clear that such evidence goes to "other crimes, wrongs, or acts," as contemplated by Rule 404(b).  Instead, these acts may go directly to the element of force or coercion in the counts charging McCoy with sex trafficking by force, fraud, or coercion.

To the extent the Government seeks a pretrial ruling admitting evidence of how a victim's state of mind was affected by what she heard or of how violence against any victim caused fear of McCoy, the court denies the Government's motion without prejudice to the renewal of the request when a better record gives context to specific evidence.

### 9. Evidence of McCoy's Broader Commercial Sex Enterprise.

The Government seeks admission of evidence with respect to McCoy's efforts to recruit Victims 6, 7, and 8 (who are not the subjects of substantive charges in the Indictment), as well as to compel Victim 9 (who is not the subject of any substantive charge in the Indictment) to engage in commercial sex work at the same time as McCoy was directing Victims 2 and 4.  This request is denied without prejudice.  Providing the court with more detail will allow the court to determine whether this evidence is admissible under Rule 404(b) and to weigh the evidence under Rule 403.

**B.   The Government's Motion in Limine Regarding Victim Identity at Trial, ECF No. 67, is Granted.**

The Government asks that the alleged victims be referred to by their first names or initials only and that they not be required to disclose their home addresses.  Under the Crime Victims Rights Act, 18 U.S.C. § 3771(a)(8), a "crime victim has . . . (8) The right to be treated with fairness and with respect for the victim's dignity and privacy."  The Government argues that sex trafficking victims should be protected from public humiliation, embarrassment, potential harassment, and other consequences with respect to testifying about commercial sex acts and related activities of manipulation, mental abuse, threats of harm, wrongful distribution of intimate visual victim images, and physical violence.

McCoy states that he does not wish to share the victims' addresses or places of employment, *see* ECF No. 183, PageID # 1378.  However, he argues that names might be pertinent if the alleged victims were in a conspiracy with him.

The court grants the Government's motion.  While the full names of the victims must be disclosed to McCoy so that he can prepare his defense, the public need not know the names and addresses of the victims, who can be referred to by their first names and last initials or by first and last initials.  This preserves McCoy's right of confrontation.  Whether an alleged victim was in a conspiracy with him does not change the analysis.

17

McCoy can still argue that a particular alleged victim, identified by first name and last initial or by first and last initials, was in a conspiracy with him and that he therefore did not force or otherwise compel her to perform sex acts.

The court suggests that for purposes of voir dire, the alleged victims' full names be included on a written list of potential witnesses that can be provided to prospective jurors without referencing that they are alleged victims.  The witnesses can all be numbered so that jurors can refer to them by numbers. This court also rules that, in addition to barring the public disclosure at trial of any alleged victim's full name, court filings referring to victims should also use first names and last initials or initials only.

> **C.    The Court Denies Without Prejudice the Government's Motion in Limine to Admit Agent Opinion Testimony Regarding Sex Trafficking, ECF No. 68.**

The Government seeks an order allowing Special Agent Chantel Custer to testify both as a percipient witness and as an expert witness who will offer opinion testimony based on her training and experience with respect to sex trafficking methods and practices.  The motion is denied without prejudice.

While the court recognizes that an agent may testify both as a percipient witness and an expert witness, this court does not have before it Custer's proposed opinions or her qualifications to give those opinions.  Before Custer may offer

18

any opinion testimony, she must be qualified as an expert based on her training and experience pursuant to Rule 702.  If expert testimony is allowed, the Government must make clear when she is testifying as a lay witness and when she is testifying as an expert.  The Government may consider using two separate testimonies (which can be back-to-back), one as an expert and one as a lay witness.  In the event Custer is allowed to testify both as a lay and expert witness, the court will consider proposals regarding a jury instruction with respect to those dual roles.

> **D.   The Court Denies Without Prejudice The Government's Motion in Limine to Allow Cross-Examination of the Defendant Regarding a Prior Conviction, ECF No. 69.**

If McCoy testifies, the Government seeks to introduce his Hawaii state court felony conviction for robbery.  The robbery included a physical attack on a Japanese tourist, whose watch was taken.  On May 3, 2021, a jury convicted McCoy of violating section 708-841(1)(A) of Hawaii Revised Statutes ("A person commits the offense of robbery in the second degree if, in the course of committing theft . . . : (a) The person uses force against the person of anyone present with the intent to overcome that person's physical resistance or physical power of resistance").  On January 24, 2024, the Intermediate Court of Appeals for the State of Hawaii affirmed McCoy's conviction.  *See State v. Pulliam, et al.*, No. CAAP-21-0000678, 153 Haw. 445, 541 P.3d 665 (Ct. App. Jan. 26, 2024) (unpublished).  As of May 24,

19

2024, judgment has not been entered in that case such that the time for seeking certiorari with the Hawaii Supreme Court has begun to run under Rule 40.1 of the Hawaii Rules of Appellate Procedure.  According to the docket in that case, McCoy has not yet sought certiorari with respect to the ICA ruling.[2]

The Government seeks to introduce the robbery conviction under Rule 609, arguing that, under *United States v. Alexander*, 48 F.3d 1477 (9th Cir. 1995), robbery convictions are probative of veracity.

Under Rule 609(a)(1) of the Federal Rules of Evidence, a criminal defendant's character for truthfulness may be attacked through evidence of a criminal conviction if the defendant was convicted of a felony and "the probative value of the evidence outweighs its prejudicial effect."  It is not clear from the record that McCoy's robbery conviction involved any factor affecting his truthfulness.

Under Rule 403, this court must balance the probative value of evidence of McCoy's robbery conviction against its prejudicial effect.  *Alexander*, which the Government cites, states that prior convictions for robbery are probative of veracity.  48 F.3d at 1489.  However, the Ninth Circuit's pronouncement in *Alexander* was made in the context of citing

---

[2] Rule 609(e) of the Federal Rules of Evidence provides, "A conviction that satisfies this rule is admissible even if an appeal is pending.  Evidence of the pendency is also admissible."

*United States v. Givens*, 767 F.2d 574 (9th Cir. 1985).  *Givens*
recognized the possibility that a crime might be committed by
fraudulent or deceitful means, but noted that crimes of violence,
theft crimes, and crimes of stealth do not generally involve
dishonesty or a false statement for purposes of Rule 609(a)(2)
(which allows evidence of any crime if the court can readily
determine that establishing the elements of a crime requires
proving a dishonest act or false statement).  *Givens* also stated
that robbery convictions are probative of veracity, citing as
authority *United States v. Oaxaca*, 569 F.2d 518, 527 (9th Cir.
1978).  *Oaxaca* involved prior convictions for theft and bank
robbery in a case involving armed bank robbery.  The Ninth
Circuit noted in *Oaxaca* that a conviction for theft is more
indicative of credibility than a conviction for a crime of
violence.  *Id.*, 569 F.3d at 527.  McCoy's state court conviction
involved taking a tourist's watch by force.  The Government does
not explain how that implicates McCoy's credibility.

At the hearing, the Government argued that stealing a
watch demonstrates dishonesty.  Under Rule 609(a)(1)(B), a
criminal conviction may be used to attack a defendant's character
for truthfulness and "must be admitted in a criminal case in
which the witness is a defendant, if the probative value of the
evidence outweighs its prejudicial effect to that defendant."  At
this point, it is unclear whether the probative value of McCoy's

21

violent taking of a watch from a tourist is outweighed by the prejudice to McCoy.

> **E.    The Court Grants the Government's Motion in Limine to Preclude Reference to Penalty, ECF No. 70.**

The Government seeks to preclude evidence of what penalty McCoy faces if convicted.  The motion is granted.  *See United States v. Lynch*, 903 F.3d 1061, 1080 (9th Cir. 2018) ("when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'" (quoting *Shannon v. United States*, 512 U.S. 573, 579 (1994)).

> **F.    The Court Grants the Government's Motion in Limine Regarding Federal Rule of Evidence 412, ECF No. 73.**

The Government seeks an order precluding all details of the alleged victims' other commercial sex acts and all evidence of the alleged victims' sexual behavior or sexual predisposition unrelated to a relationship with McCoy during the time periods alleged in the Indictment.  This motion is governed by Rule 412 of the Federal Rules of Evidence, which states:

> **(a) Prohibited Uses.** The following evidence is not admissible in a civil or criminal proceeding involving alleged sexual misconduct:
>
>   **(1)** evidence offered to prove that a victim engaged in other sexual behavior; or
>
>   **(2)** evidence offered to prove a victim's sexual predisposition.

**(b) Exceptions.**

**(1) Criminal Cases.**  The court may admit the following evidence in a criminal case:

**(A)** evidence of specific instances of a victim's sexual behavior, if offered to prove that someone other than the defendant was the source of semen, injury, or other physical evidence;

**(B)** evidence of specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the defendant to prove consent or if offered by the prosecutor; and

**(C)** evidence whose exclusion would violate the defendant's constitutional rights.

.   .   .   .

**(c) Procedure to Determine Admissibility.**

**(1) Motion.**  If a party intends to offer evidence under Rule 412(b), the party must:

**(A)** file a motion that specifically describes the evidence and states the purpose for which it is to be offered;

**(B)** do so at least 14 days before trial unless the court, for good cause, sets a different time;

**(C)** serve the motion on all parties; and

**(D)** notify the victim or, when appropriate, the victim's guardian or representative.

**(2) Hearing.**  Before admitting evidence under this rule, the court must conduct an in camera hearing and give the victim and

parties a right to attend and be heard.
Unless the court orders otherwise, the
motion, related materials, and the record of
the hearing must be and remain sealed.

**(d) Definition of "Victim."**  In this rule,
"victim" includes an alleged victim.

Under the circumstances presented, the court grants the
Government's motion to preclude evidence under Rule 412(a).
"Evidence of other acts of prostitution is irrelevant to whether
[the defendant] used force, fraud, or coercion to cause [the
victim] to engage in commercial sex acts."  *United States v.
Jackson*, 806 F. App'x 533, 535 (9th Cir. 2020); *see also United
States v. Haines*, 918 F.3d 694, 697 (9th Cir. 2019) (noting that
courts routinely bar evidence of a sex trafficking victim's other
prostitution activities; further noting that evidence of other
prostitution activities has little or no relevance to whether a
victim is forced or coerced into prostitution).  "Courts have
reasoned that just because a victim agreed to engage in sex for
money on other occasions does not mean she consented to, e.g.,
being beaten or having her earnings confiscated by the
defendant."  *Haines*, 918 F.3d at 697–98.

The court is not persuaded by McCoy's reliance on a
North Carolina state court rule and cases interpreting that rule.
*See* ECF No. 217.  That authority is inapposite, as the rule
applied in the cases McCoy cites differs from Rule 412 of the
Federal Rules of Evidence.

Notwithstanding this ruling, McCoy may ask the court for permission to introduce specific instances of Rule 412 evidence.  Thus, for example, to the extent McCoy wants to introduce evidence that an alleged victim was actually his willing coconspirator, McCoy may follow the procedure set forth in Rule 412(c).  In other words, after reviewing applicable discovery, McCoy may file a motion in limine under Rule 412(c) that seeks to admit specifically described evidence for an identified purpose.  Any such motion in limine must be filed by the motion in limine deadline.  *See* ECF No. 140.

## III.    CONCLUSION.

As set forth above, the court rules on the motions in limine as follows:

(1) The Government's Amended Motion in Limine to Admit Evidence as Inextricably Intertwined, or Alternatively, Pursuant to Rule 404(B), ECF No. 63, is **DENIED** without prejudice;

(2) The Government's Motion in Limine Regarding Victim Identity at Trial, ECF No. 67, is **GRANTED;**

(3) The Government's Motion in Limine to Admit Agent Opinion Testimony Regarding Sex Trafficking, ECF No. 68, is **DENIED** without prejudice;

(4) The Government's Motion in Limine to Allow Cross-Examination of the Defendant Regarding a Prior Conviction, ECF No. 69, is **DENIED** without prejudice;

(5)  The Government's Motion in Limine to Preclude Reference to Penalty, ECF No. 70, is **GRANTED**; and

(6)  The Government's Motion in Limine Regarding Federal Rule of Evidence 412, ECF No. 73, is **GRANTED**, with the caveat that this ruling is not a bar to McCoy's filing of a timely motion seeking permission to admit specific evidence under Rule 412(c).

To summarize, the court **DENIES** three of the Government's six motions in limine without prejudice to the revisiting at trial of the matters raised by those motions.  At trial, the court may, on a fuller record, continue to decline to admit the evidence in issue or determine that the evidence should be admitted.  The court **GRANTS** three motions in limine, stressing that not only are witnesses barred from testifying about the matters raised by those motions, but in addition the Government and Mr. McCoy may not refer to such matters in the jury's hearing during jury selection, opening statements, or closing arguments. It is the responsibility of any party calling any witness to advise that witness that the witness may not refer to any matter with respect to which the court has granted a motion in limine.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 28, 2024.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*United States of America v. Isaiah McCoy*, Cr. No. 23-00085 SOM/KJM; ORDER
DENYING WITHOUT PREJUDICE THE GOVERNMENT'S AMENDED MOTION IN LIMINE TO ADMIT
EVIDENCE INEXTRICABLY INTERTWINED, OR ALTERNATIVELY, PURSUANT TO RULE 404(B),
ECF NO. 63; ORDER GRANTING THE GOVERNMENT'S MOTION IN LIMINE REGARDING VICTIM
IDENTITY AT TRIAL, ECF NO. 67; ORDER DENYING WITHOUT PREJUDICE THE
GOVERNMENT'S MOTION IN LIMINE TO ADMIT AGENT OPINION TESTIMONY REGARDING SEX
TRAFFICKING, ECF NO. 68; ORDER DENYING WITHOUT PREJUDICE THE GOVERNMENT'S
MOTION IN LIMINE TO ALLOW CROSS-EXAMINATION OF THE DEFENDANT REGARDING A PRIOR
CONVICTION, ECF NO. 69; ORDER GRANTING THE GOVERNMENT'S MOTION IN LIMINE TO
PRECLUDE REFERENCE TO PENALTY, ECF NO. 70; AND ORDER GRANTING THE GOVERNMENT'S
MOTION IN LIMINE REGARDING FEDERAL RULE OF EVIDENCE 412, ECF NO. 73.