IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 23-00085 SOM/KJM |
| | ) | |
| Plaintiff, | ) | ORDER DENYING "DEFENDANT'S *PRO SE* MOTION FOR A JURY WAIVED BENCH TRIAL" (ECF NO. 245) |
| | ) | |
| vs. | ) | |
| | ) | |
| ISAIAH McCOY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING "DEFENDANT'S PRO SE MOTION FOR A JURY WAIVED BENCH TRIAL" (ECF NO. 245)**

**I.       INTRODUCTION**

In a 20-count Indictment filed October 26, 2023, Defendant Isaiah McCoy ("McCoy") was charged with sex trafficking of a minor and sex trafficking by force, fraud, or coercion (Count 1-Victim 1); sex trafficking by force, fraud, or coercion (Counts 2 to 5-Victims 2 through 5); interstate and foreign travel or transportation in aid of racketeering enterprises (Counts 6 to 9, 11 to 12, 14 to 16); obstruction (Counts 17 to 19); and transportation for purposes of prostitution (Count 20-Victim 4).

On July 12, 2024, McCoy, proceeding *pro se*, filed a motion seeking a bench trial. The Government objects. McCoy's motion, ECF No. 245, is denied.[1]

---

[1] The court decides the motion without a hearing. While the Government has filed its Opposition, McCoy submitted no optional Reply in support of the motion. McCoy has been filing documents through his standby counsel, not through the prison mail system. He has typically been quick to respond to the Government's filings. Accordingly, the court proceeds on the assumption that he has purposefully opted to file no Reply.

**II.      ANALYSIS.**

On July 12, 2024, McCoy requested a bench trial rather than the jury trial that is his right under the Sixth Amendment. *See* ECF No. 245.  Rule 23(a) of the Federal Rules of Criminal Procedure provides: "**Jury Trial**.  If the defendant is entitled to a jury trial, the trial must be by jury unless: (1) the defendant waives a jury trial in writing; (2) the government consents; and (3) the court approves."  McCoy argues that the circumstances of this case are so extraordinary that to preserve his right to a fair trial a bench trial should be conducted over the Government's objection.

In 1965, the Supreme Court examined an earlier version of Rule 23(a).  At that time, Rule 23(a) similarly provided, "Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government."  The defendant in *Singer v. United States*, 380 U.S. 24, 25 (1965), had asked for a bench trial, but the Government objected, and the defendant was ultimately convicted by a jury.  The defendant argued that his right to a trial by a jury had a correlative right to have his case decided by a judge when the defendant considered a bench trial to be to his advantage.  *Id.*  The Supreme Court disagreed. It began its decision by noting that a defendant had no common law right to choose between a bench trial and a jury trial.  *Id.*

2

at 26.  While a defendant could waive his or her right to jury trial, such a waiver did not "ordinarily carry with it the right to insist" on a bench trial.  *Id.* at 34-35.  The Supreme Court stated:

> We find no constitutional impediment to conditioning a waiver of this right on the consent of the prosecuting attorney and the trial judge when, if either refuses to consent, the result is simply that the defendant is subject to an impartial trial by jury--the very thing that the Constitution guarantees him.

*Id.* at 36.  The Supreme Court further noted that Rule 23(a) did not require the Government to articulate its reasons for declining to consent to a bench trial.  *Id.* at 37.

However, the Supreme Court declined to decide whether there were any circumstances under which a defendant's reasons for wanting a bench trial were so compelling that the Government's insistence on a jury trial would result in the denial of an impartial trial to the defendant.  *Id.*  A few cases have subsequently determined that there are circumstances in which a court may hold a bench trial over the Government's objection.  *See*, *e.g.*, *United States v. Sun Myung Moon*, 718 F.2d 1210, 1218 (2d Cir. 1983) ("Certainly we recognize, though, that there might be cases where the circumstances are so compelling that for the court to countenance the government's insistence on a jury trial over the defendant's request to be tried by a judge alone would deny the defendant a fair trial.").

*United States v. Smith*, 2023 WL 7632853, \*3 (S.D.N.Y. Nov. 15, 2023), explained that, "where a substantial and unavoidable risk of prejudice remains even after all reasonable measures are taken, a trial judge may, in its discretion, overrule the Government's objection" and conduct a bench trial. *Smith* presented an "exceptional case where the Government's insistence upon a jury trial create[d] a substantial and unavoidable risk that defendant [would] be denied his right to a fair trial." *Id.*

In *Smith*, the United States Marshals recommended that the defendant be shackled for the safety of all concerned because of the defendant's propensity for violent outbursts. The defendant was representing himself, and the jury would have been able to see the defendant in shackles, raising a constitutional issue. The court concluded that "the most simple and effective measure to minimize the prejudice attendant upon the use of restraints would be to hold a bench trial." *Id.* at \*4. The court noted that the likelihood of angry and violent outbursts by the defendant might also affect his right to a fair trial before a jury. *Id.* at \*5. Finally, the court was concerned about having to repeatedly admonish the defendant before the jury while he represented himself with standby counsel present. *Id.* at \*6. The court ruled that "the confluence of these factors in this exceptional case creates a massive risk of prejudice that

4

conducting a bench trial is uniquely capable of resolving." *Id.* at *7.

*United States v. Cohn*, 481 F. Supp. 3d 122 (E.D.N.Y. 2020), also allowed a bench trial over the Government's objection. It reviewed post-*Singer* cases and determined that courts had considered four justifications for holding a bench trial over the Government's objection: (1) whether the Government's objection was being made for an improper purpose; (2) whether the Government's objection unfairly interfered with the defendant's exercise of a separate constitutional right; (3) whether the Government's objection implicated the public's right to a speedy trial; and (4) whether case-specific factors would render an impartial jury trial difficult or unworkable. Relevant here, the *Cohn* trial was set to proceed during the COVID-19 pandemic. The defendant had a "health profile" that presented an unacceptable risk because witnesses, including the defendant, would have had to remove their face masks for effective cross-examination. *Id.* at 129-32. Under these circumstances, the court concluded that the pandemic forced it to balance the defendant's right to a jury trial against his right to testify at trial. *Id.* at 132.

McCoy relies on *United States v. Braunstein*, 474 F. Supp. 1 (D.N.J. 1978), to argue that he should have a bench trial. That case involved 19 counts with four individual

5

defendants and one corporate defendant, with not all defendants charged in every count. The indictment charged the defendants with having conspired to submit false Medicaid statements and false tax returns. Trial was expected to last 40 trial days or more. Over the Government's objection, the court allowed a bench trial. The court reasoned that there was an extremely high risk of violating the defendant's right to a fair trial. The case was complicated, trial would be lengthy, and the court anticipated disallowing evidence with respect to one defendant but allowing the same evidence with respect to another, raising the specter of the jury's consideration of evidence against a defendant for whom that evidence had been excluded. Moreover, the court was concerned that, even with experts, a jury "could not be expected to master the intricacies and complications of fact and law sufficiently to provide a fair trial." *Id.* at 14.

McCoy also relies on *United States v. Panteleakis*, 422 F. Supp. 247 (D.R.I. 1976), in which a bench trial was conducted over the Government's objection. While *Panteleakis* recognized that the complexity of a case is not by itself sufficient to warrant a bench trial over the Government's objection, the court nevertheless held that a bench trial was appropriate for reasons similar to those in *Braunstein*. There were 21 counts involving complicated issues of law and accounting and "it would be unusually difficult to reduce the issues to meaningful

6

instructions for jury guidance." Evidentiary rulings with respect to multiple defendants raised the issue of the improper comingling of evidence by the jury, there had been pretrial publicity, and a jury trial would take twice as long as a bench trial. *Id.* at 249.

This case, however, does not involve an out-of-control defendant, is not so complicated that a jury could not understand it, does not involve multiple defendants, and does not present a substantial and unavoidable risk of prejudice to McCoy's right to a fair trial after reasonable measures are taken. Notably, the cases discussed earlier in this order were decided outside the Ninth Circuit. Within this circuit, this court takes guidance from *United States v. United States District Court for the Eastern District of California*, 464 F.3d 1065 (9th Cir. 2006) ("*Harrod*"). Allen Harrod sought a bench trial, having been charged along with other defendants with interstate travel and sexual abuse of young children. The indictment alleged approximately 10 years of ritualistic sexual abuse that included oral copulation, vaginal and anal intercourse, and other acts that were committed on the children and that the children were forced to commit. *Id.* at 1067. Over the Government's objection, the district judge granted Harrod's motion for a bench trial, which had argued that the alleged actions were so horrific that no jury could be impartial. *Id*. The Government sought mandamus

7

relief from the Ninth Circuit.

The Ninth Circuit issued the writ of mandamus, determining that the circumstances were not so compelling that the Government's insistence on a jury trial would have resulted in the denial of the defendant's right to an impartial jury. The Ninth Circuit said:

> while trying this case is not without its challenges, we are confident that the able and experienced trial judge is fully capable of ensuring these defendants an impartial trial. In so doing, he is afforded an abundance of tools by the Federal Rules of Evidence and Criminal Procedure and by the inherent power of the court.

*Id.* at 1071.

The Ninth Circuit listed as examples of the tools available (1) extensive voir dire; (2) limiting the amount and nature of "bad act" evidence; (3) limiting cumulative evidence under Rule 403; (4) limiting the number of witnesses; and (5) giving instructions that proof of every element beyond a reasonable doubt was required, while stressing that it would be a violation of the juror's oath for a juror to convict without proof beyond a reasonable doubt with respect to elements such as intent and interstate commerce. *Id.*

McCoy contends that he will be unfairly prejudiced because he intends to publish exhibits illustrating the consensual nature of the alleged victims' sex work to argue that they did so "to explore and express their sexuality." ECF No.

8

245, PageID # 1669. He says he wants to offer evidence showing the reality of their lives, including "exhibits that contain graphic and explicit content that is likely to incite, distract, disturb, or offend potential jurors[,] especially those who have not been exposed to the world of sex work." *Id.*, PageID # 1670. He expresses concern that these exhibits will severely affect the jury's ability to view him impartially. *Id.* McCoy provides no specific example of such evidence. Despite the lack of detail, the court is confident that it can maintain McCoy's right to a fair trial through the "abundant tools" at its disposal. If a jury can be impartial with respect to the sexual abuse of minors in *Harrod*, a jury can surely be impartial in this case.

The court notes that, on May 28, 2024, it granted a motion in limine under Rule 412 of the Federal Rules of Evidence seeking to preclude all details of the alleged victims' other commercial sex acts and all evidence of the alleged victims' sexual behavior or sexual predisposition unrelated to a relationship with McCoy during the time periods alleged in the Indictment. *See* ECF No. 225, PageID #s 1627-30. The court told McCoy that if he wished to introduce specific Rule 412 evidence that an alleged victim was a willing coconspirator, he had to follow the procedure in Rule 412(c) and file a motion in limine seeking to admit such evidence for an identified purpose. He has understandably not yet done so, the deadline being some time

9

away.  At this point, it is not at all clear that the evidence McCoy is concerned about will be admitted.  Rule 403 of the Federal Rules of Evidence may also restrict certain graphic and explicit content.  McCoy's motion assumes the admissibility of certain evidence, when no admissibility ruling has been or can be made on the record now before the court.

**III.    CONCLUSION.**

The court denies McCoy's motion for a bench trial.  The Government has objected, and no reason to overrule that objection has been established.  This case will be tried to a jury.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 30, 2024.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*United States of America v. Isaiah McCoy*, Cr. No. 23-00085 SOM/KJM; ORDER DENYING "DEFENDANT'S PRO SE MOTION FOR A JURY WAIVED BENCH TRIAL" (ECF NO. 245).