IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ISAIAH MCCOY,<br><br>Defendant. | Case No. 23-cr-00085-DKW-KJM<br><br>**ORDER DENYING AS CONSTRUED MOTION FOR RECUSAL**[1] |

On November 4, 2024, pro se Defendant Isaiah McCoy filed, through stand-by counsel, a "motion for status conference" ("motion"). Dkt. No. 289. Accompanying the motion is a declaration by McCoy ("declaration"), signed under penalty of perjury, in which, among other things, he requests that the "Honorable Derrick K. Watson recuse himself from this case…." Dkt. No. 289-1 at 2. In light of the foregoing, the Court construes the same as a motion for recusal of the undersigned from this case ("the motion for recusal"), together with a request for a hearing to discuss recusal. Further, while the motion for recusal does not state the statutory provision under which it is brought, because McCoy is proceeding

---

[1] Pursuant to Local Rule 7.1(c), the Court finds this matter suitable for disposition without a hearing.

1

without counsel, and the motion contains a declaration signed under penalty of perjury, the Court liberally construes the same as being brought under Section 144 of Title 28 of the U.S. Code ("Section 144").  For the reasons discussed more fully below, because the motion for recusal under Section 144 is clearly legally insufficient, no hearing is warranted, and the motion is DENIED.

## LEGAL STANDARD

Section 144 provides that, "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."  Section 144 further provides that the "affidavit shall state the facts and the reasons for the belief that bias or prejudice exists" and it "shall be accompanied by a certificate of counsel of record stating that it is made in good faith."

The Ninth Circuit Court of Appeals has held that the legal sufficiency of a motion for recusal pursuant to Section 144 may be determined by the judge against whom the motion is directed.  *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978) (explaining that "only the individual judge knows fully his own thoughts and feelings and the complete context of the facts alleged.") (quotation,

citation, and alteration omitted). To be "legally sufficient," an affidavit "must state facts which if true fairly support the allegation that bias or prejudice stemming from (1) an extrajudicial source (2) may prevent a fair decision on the merits" and "(3) the substantiality of the support given by these facts to the allegation of bias…." *Id*. at 739-740.

## DISCUSSION

In the declaration, McCoy provides one reason for recusal in this case. McCoy states that, at trial, he "intends to call individuals who are affiliated with the U.S. Attorney's Office, Honolulu, Hawaii" and, according to McCoy, the undersigned has "worked with some that may be called to trial[.]" Dkt. No. 289-1 at 1-2. No other relevant information or allegations are made in the declaration on the subject of recusal. *See generally id*. This is clearly legally insufficient under *Azhocar*.

Among other things, McCoy fails to even identify the "individuals" affiliated with the local U.S. Attorney's Office. McCoy also fails to mention what, if any, connection the undersigned may have to the unidentified individuals at the local U.S. Attorney's Office or how any such connection stems from an extrajudicial source or may prevent a fair decision on the merits. Further, McCoy also fails to mention the relevance to his defense, or otherwise to this case, of

3

calling individuals affiliated with the local U.S. Attorney's Office as trial witnesses.

Put simply, the sole alleged fact that the undersigned has, in some unidentified capacity, "worked with" unidentified individuals "affiliated" with the U.S. Attorney's Office in Honolulu and who may or may not be called at trial, does not come close to establishing a bias or prejudice stemming from an extrajudicial source, that a fair decision may be prevented on the merits of this case, or substantial support for the same. Therefore, as unsubstantiated and frivolous as it is, the motion for recusal, Dkt. No. 289, is DENIED. *See Azhocar*, 581 F.2d at 739-740.

IT IS SO ORDERED.

Dated: November 7, 2024 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge

---

United States of America v. Isaiah McCoy; Cr. No. 23-00085 DKW-KJM;
**ORDER DENYING AS CONSTRUED MOTION FOR RECUSAL**