IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ISAIAH MCCOY,<br><br>Defendant. | Case No. 23-cr-00085-DKW-KJM<br><br>**ORDER DENYING UNITED STATES OF AMERICA'S MOTION FOR RECONSIDERATION** |

On December 10, 2024, the United States of America moved for reconsideration of the Court's December 6, 2024 ruling granting in part and denying in part Defendant Isaiah McCoy's Motion to Quash and or Prohibit the Government from Seizing and Searching Defendant's Prison Communication Without Reasonable Basis and to Suppress and Motion for the Government to Show Cause Why They Shouldn't Be Sanctioned for Violating Attorney Client/Defense Team Confidential Privilege. Dkt. No. 303. Because the Government has failed to identify *any* proper ground for reconsideration, the motion is DENIED, as more fully discussed below.

## FACTUAL & PROCEDURAL BACKGROUND

On October 17, 2024, Defendant Isaiah McCoy filed a motion seeking: (1) to quash the Government's ongoing subpoenas of his prison phone calls; (2) to suppress the use at trial of any phone calls received thus far; and (3) to sanction the

Government for allegedly violating attorney-client privilege by accessing certain communications between McCoy and his defense team reflected in those calls. *See* Dkt. No. 277. In response, on October 30, 2024, the Government filed a brief in opposition. *See* Dkt. No. 286. In reviewing the opposition brief, the Court found that:

> the Government has failed to: (1) address McCoy's legal contentions that the Government's subpoena power does not give it 'the right to gather and search all [prison] calls without reasonable basis or reason;' or (2) submit a declaration by HSI Special Agent Custer addressing what she discovered, if anything, and what actions she took upon discovery of the allegedly privileged communications between McCoy and his defense team, described, in part, in the three reports of investigation attached to McCoy's declaration.

Dkt. No. 291. Consequently, the Court ordered the Government to file a supplemental brief, addressing "these issues." *Id.*

On November 19, 2024, the Government filed its supplemental brief which addressed *only* the second of the two issues identified in the Court's November 12, 2024 Order. Dkt. Nos. 293 & 295.[1] As a result, having found that the Government had repeatedly failed to oppose McCoy's arguments or authorities with respect to obtaining his prison phone calls, the Court granted McCoy's requests to quash the

---

[1] The Government actually filed two supplemental briefs on the same day that differ only in one respect not relevant here.

Government's subpoenas and to suppress at trial any calls received thus far.[2]  *See* Dkt. Nos. 300 & 301.

On December 10, 2024, the Government moved for reconsideration.[3]  Dkt. No. 303.  Pursuant to Criminal Local Rule 12.2(a)(1), the Court elects to decide this matter without a hearing.  This Order now follows.

## STANDARD OF REVIEW

Pursuant to Criminal Local Rule 60.1, motions seeking reconsideration of interlocutory orders may only be brought upon the following grounds:

(a) Discovery of new material facts not previously available;

(b) Intervening change in law; and/or

(c) Manifest error of law or fact.

*See* Crim. L.R. 60.1.  Although such motions are disfavored, *see id.*, "[w]hether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

---

[2] The Court denied McCoy's request for sanctions, or for an order to show cause with respect to sanctions, finding that the Government had not violated the attorney-client privilege.  *See* Dkt. No. 301 at 8–9.

[3] On December 13, 2024, McCoy filed a brief in opposition.  *See* Dkt. No. 305.  Thereafter, on December 17, 2024, the Government filed a motion for leave to reply.  *See* Dkt. No. 306.  As McCoy's response was not authorized by the Court pursuant to Criminal Local Rule 60.1, it is STRUCK.  The Government's motion for leave to reply is consequently MOOT and deemed withdrawn.

## **DISCUSSION**

The Government seeks reconsideration of the Court's December 6, 2024 ruling on two[4] main grounds: first, that "there is no factual or legal basis to suppress prior or prospective jail calls in this case or to quash the Government's subpoenas for Defendant's jail calls;" and second, that suppressing substantive evidence is not a proper remedy for the Government's "unintentional" misunderstanding of the Court's Order for supplemental briefing. *See* Dkt. No. 303 at 2, 14–18. As such, the Government requests that the Court: (1) deny McCoy's motion; (2) permit it to introduce previously received prison calls at trial; and (3) allow it to resume its ongoing subpoenas of McCoy's prison calls. *Id.* at 2.

Such assertions, however, are not proper grounds for reconsideration.[5] *See* Crim. L.R. 60.1. The Government's motion is little more than a poorly disguised effort to relitigate McCoy's motion to quash/suppress with arguments that the Government should have presented—if not in its original opposition brief—at the very least, in response to the Court's direct Order. *See Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (explaining that motions for reconsideration "may *not* be used to raise arguments or present evidence for the

---

[4]The Government additionally contends that "Defendant's motion to sanction the government for violating the attorney client privilege should also be denied." Dkt. No. 303 at 13. It is unclear why the Government advances this argument in its motion for reconsideration when that is the *exact* result that the Court previously reached. *See* Dkt. No. 301 at 9.

[5]It is perhaps for this reason that the Government fails to even identify the applicable reconsideration standard. *See generally* Dkt. No. 303.

first time when they could reasonably have been raised earlier in the litigation"); *Stucky v. Hawaii, Dep't of Educ.*, 2008 WL 1959738, at *3 (D. Haw. May 6, 2008) ("The motion for reconsideration is not an opportunity for a party to correct its own procedural failures. . . ." (citation omitted)).  In other words, the Government was fortunate to receive a second chance to address McCoy's arguments when the Court directed a further response to McCoy's motion in its November 12, 2024 EO.  The Government's supplemental brief failed to take advantage of that second chance, and the Government blew its uninvited third chance when it unilaterally amended its supplemental brief and, once more, did not address McCoy's principal argument.  As such, the Court declines to reward the Government's ongoing recalcitrance by now permitting it a *fourth* bite at the apple.[6]  The Motion for Reconsideration, Dkt. No. 303, is DENIED.[7]

---

[6] The Court also finds the Government's explanation for its failures—oversight and inadvertence—to be disingenuous. McCoy's motion, in the first place, clearly presented the issues the Government needed to address.  Had the motion not done so, the Court would not have been in a position, as reflected in its November 12, 2024 order, to identify for the Government the issues the Government should already have recognized.  As explained at the December 6, 2024 hearing on McCoy's motion, that the Government then feigned to not understand the Court's November 12, 2024 order that *itemized* the two issues it needed to address is nothing short of absurd.  Further misrepresentations to this Court by Government counsel will result in a referral to the United States Department of Justice, Office of Professional Responsibility.

[7] Even if the Court were to reach the merits, the end result would be no different.  As the Government implicitly acknowledges, even if the *Bureau of Prisons* may record McCoy's prison phone calls as a matter of institutional security, that does not automatically permit the *Government* unfettered access to the same.  Indeed, were the opposite true, there would be no need for the subpoena process on which Government counsel has embarked.  The Government admits that when it "uses a subpoena to obtain jail calls [from the Bureau of Prisons], it must show that the evidence it is seeking from these calls is relevant, admissible, and specific." Dkt. No. 303 at 12.  Yet the Government then makes little effort to *apply* this standard to the

## CONCLUSION

For the reasons set forth herein, the United States of America's Motion for Reconsideration, Dkt. No. 303, is DENIED.

IT IS SO ORDERED.

DATED: December 18, 2024 at Honolulu, Hawai'i.



_____
Derrick K. Watson
Chief United States District Judge

---

*United States of America v. Isaiah McCoy*; Crim. No. 23-00085 DKW-KJM; **ORDER DENYING RECONSIDERATION**

subpoenas or facts at issue.  *See* Dkt. No. 303 at 12–13.  Pointing the Court to alleged facts learned by the Government *after* the subpoena returns were received does nothing to move the needle.  Reconsideration is unavailing for this independent reason.