IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| UNITED STATES OF AMERICA, | Case No. 23-cr-00085-DKW-KJM |
|---|---|
| Plaintiff, | **ORDER GRANTING GOVERNMENT'S MOTION TO EXCLUDE TESTIMONY OF DR. PABLO STEWART AND DENYING DEFENDANT'S MOTION TO RE-OPEN THE EXPERT WITNESS DISCLOSURE DEADLINE AND/OR CONTINUE TRIAL** |
| vs. | |
| ISAIAH MCCOY, | |
| Defendant. | |

Pending before the Court is the United States of America's motion to exclude the testimony of defense expert Dr. Pablo Stewart, M.D., *see* Dkt. No. 316, and Defendant Isaiah McCoy's motion in response to re-open the expert witness disclosure deadline and/or continue trial, *see* Dkt. No. 324. Because McCoy's expert witness disclosure comes nowhere close to complying with the requirements of Federal Rule of Criminal Procedure 16, and because he has provided no evidence of good cause or due diligence which might warrant re-opening the witness disclosure deadline and/or continuing trial, the Government's motion is GRANTED, and McCoy's motion is DENIED, as more fully discussed below.

# FACTUAL & PROCEDURAL BACKGROUND[1]

Defendant Isaiah McCoy is charged with eighteen counts, including: (1) one count of sex trafficking a minor in violation of 18 U.S.C. §§ 1591(a)(1), (b)(1), (b)(2), and (c); (2) four counts of sex trafficking by force, fraud, or coercion in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(1); (3) nine counts of interstate and foreign travel or transportation in aid of racketeering enterprises in violation of 18 U.S.C. § 1952(a)(3)(A); (4) three counts of obstructing a sex trafficking investigation in violation of 18 U.S.C. § 1591(d); and (5) one count of transportation for purposes of prostitution in violation of 18 U.S.C. §§ 2421(a) and 2. Dkt. No. 1.

On December 19, 2024, McCoy moved for a 30-day extension of the expert witness disclosure deadline. Dkt. No. 308. The next day, the Court denied his request. Dkt. No. 309. Three days later, on December 23, 2024, McCoy timely filed an expert witness disclosure, indicating his intent to offer the testimony of Dr. Pablo Stewart at trial. Dkt. No. 310. In response, on December 30, 2024, the Government filed a notice of rebuttal witness that indicated both its intent to file a motion to exclude Dr. Stewart's testimony and to introduce rebuttal testimony

---

[1] The Court assumes the parties' familiarity with the procedural and factual background of this case and, thus, only sets forth the background necessary to understand the instant issues.

from Dr. Veronique Valliere, Psy.D., should its exclusion efforts fail.  Dkt. No. 312.

On January 13, 2025, the Government filed its motion to exclude the testimony of Dr. Stewart.  Dkt. No. 316.  On January 21, 2025, McCoy filed a response, which requested to re-open the expert witness disclosure deadline and/or continue the April 7, 2025 trial date.  Dkt. No. 324.  The Government replied on January 27, 2025.  Dkt. No. 325.  Pursuant to Criminal Local Rule 12.2(a)(1), the Court elects to decide these matters without a hearing and this Order now follows.

## STANDARDS OF REVIEW

### I.    Exclusion of Expert Witnesses

District courts have "wide latitude to exclude expert testimony," including where a party has failed to properly comply with its disclosure obligations.  *See United States v. Soto*, 1 F.3d 920, 923 (9th Cir. 1993); *Berman v. Knife River Corp.*, 687 F. App'x 616, 617 (9th Cir. 2017).  In reviewing such rulings, the Ninth Circuit Court of Appeals applies an abuse of discretion standard and "will not reverse . . . unless the ruling is manifestly erroneous."  *See Kelly v. MTS Inc.*, 5 F. App'x 755, 756 (9th Cir. 2001) (citing *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141–42 (1997)).

## II. Continuances

A district court is also afforded "broad discretion" in ruling upon a motion to continue and its decisions "will not be disturbed on appeal absent clear abuse of that discretion." *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985). In reviewing the denial of a motion for a continuance, the Ninth Circuit considers: (1) the extent of the defendant's diligence in readying his defense prior to the date set for trial; (2) the likelihood that granting the continuance could have satisfied the need for a continuance; (3) the extent to which granting the continuance would have inconvenienced the court, the opposing party, or the witnesses; and (4) the extent to which the movant was prejudiced by the denial of the continuance. *See id.* at 1358–59. Of these factors, the "most critical question" is prejudice to the movant. *United States v. Mejia*, 69 F.3d 309, 316 (9th Cir. 1995). As such, the movant "must show at a minimum that he has suffered prejudice as a result of the denial of his request." *Flynt*, 756 F.2d at 1359.

## III. Modification of Scheduling Orders

Pursuant to Criminal Local Rule 12.2(a)(1), "all motions and responses shall be filed by the deadlines set out in the Criminal Scheduling Order[.]" The district court may nonetheless modify that schedule—including by re-opening the deadline for disclosing expert witnesses—upon a showing of good cause or excusable neglect. *See* Crim. L.R. 12.2(a)(1); *Carrillo v. Las Vegas Metro. Police Dep't*,

2013 WL 4432395, at *2 (D. Nev. Aug. 14, 2013). In doing so, "the focus of the inquiry is upon the moving party's reasons for seeking modification" and whether the relevant deadlines "cannot be met despite the diligence of the party seeking the extension." *Carrillo*, 2013 WL 4432395, at *2 (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992)).

## DISCUSSION

**I.     Motion to Exclude**

The Government moves to exclude Dr. Stewart's proposed testimony on the grounds that, among other things, McCoy's expert witness disclosure fails to comply with the requirements set forth in Federal Rule of Criminal Procedure 16. *See* Dkt. No. 316 at 9–10.

Pursuant to Rule 16, a criminal defendant must disclose to the Government any testimony under Federal Rules of Evidence 702, 703, or 705 that he intends to use in his case-in-chief, provided that the defendant has requested similar disclosure and the Government has complied or the defendant's disclosure concerns his "mental condition." Fed. R. Crim. P. 16(b)(1)(C)(i). Both prerequisites to disclosure have been triggered. The Government provided its expert witness disclosures on March 5, 2024, *see* Dkt. Nos. 71 & 72, and McCoy's disclosure concerns his "mental condition in regards to sex addiction of incarcerated individuals." Dkt. No. 310 at 1.

Defendant's triggered expert disclosure must then include the following:

- a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief;
- the bases and reasons for them;
- the witness's qualifications, including a list of all publications authored in the previous 10 years; and
- a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition.

Fed. R. Crim. P. 16(b)(1)(C)(iii). In addition, the expert witness must approve and sign the disclosure, unless the defendant:

- states in the disclosure why the defendant could not obtain the witness's signature through reasonable efforts; or
- has previously provided [] a report, signed by the witness, that contains all the opinions and the bases and reasons for them required by (iii).

Fed. R. Crim. P. 16(b)(1)(C)(v). Should the defendant fail to comply with these requirements, the Court may, in its discretion, prohibit him from introducing the expert's testimony. *See* Fed. R. Crim. P. 16(d)(2)(C).

Here, McCoy's expert witness disclosure states, in its *entirety*:

Comes now Defendant Isaiah O.W McCoy, Pro-Se by and thru Stand-by Counsel Gary G. Singh, respectfully files its Expert Witness Disclosure. At the present time, the Defendant reasonably experts [sic] to offer the expert testimony of Pablo Stewart, M.D. in the fields of sex addiction of incarcerated individuals.

Dr. Stewart will interview client and provide his expert opinion to client's mental condition in regards to sex addiction of incarcerated individuals.

> Dr. Stewart will provide testimony at trial as deemed necessary by the client.
>
> Pablo Stewart's curriculum vitae is attached hereto as Exhibit A.

Dkt. No. 310.[2]

Such disclosure is plainly insufficient to meet the requirements of Rule 16 for multiple reasons. As an initial matter, despite indicating that "Dr. Stewart will . . . provide his expert opinion to client's mental condition in regards to sex addiction of incarcerated individuals" and "provide testimony at trial as deemed necessary," McCoy provides no explanation of the *actual* opinions that he intends to elicit from Dr. Stewart during his case in chief or the "bases and reasons" for the same.[3] *See* Dkt. No. 310; Fed. R. Crim. P. 16(b)(1)(C)(iii). Rather, his barebones disclosure leaves the Government merely guessing[4] as to both the substance of and support for Dr. Stewart's testimony—contravening Rule 16's intended purposes of minimizing surprise, reducing the need for continuances, and providing the other

---

[2]Because McCoy is *pro se*, the Court liberally construes his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[3]The reason no opinions are offered appears to be obvious: Dr. Stewart had yet to even begin his supposed evaluation at the time of McCoy's disclosure. *See* Dkt. No. 310 at 1 ("Dr. Stewart *will* interview client and provide his expert opinion . . .") (emphasis added). In fact, even as of the time of McCoy's reply brief, it appears Dr. Stewart had yet to begin his work. Dkt. No. 324 at 5 ("Defendant *will* need time to be seen and examined by Dr. Stewart.") (emphasis added).
[4]To this end, McCoy now suggests that the Government's educated guess as to what Dr. Stewart's expected testimony would cover is incorrect, and that Dr. Stewart will actually "testify to the psychological effects of death row and solitary confinement and how diseases Defendant obtained while being wrongfully tortured in those places affected his behavior and thought process." Dkt. No. 324 at 5. Of course, that is precisely the point. Neither the Government nor the Court should be in a position of having to guess the meaning of McCoy's cryptic disclosure regarding the "sex addiction of incarcerated individuals." Dkt. No. 310 at 1.

side with a fair opportunity to prepare for cross-examination and presentation of opposing experts.  *See* Fed. R. Crim. P. 16 advisory committee's note to the 1993 amendment.

Beyond the substance of the disclosure itself, McCoy has also failed to comply with several other procedural requirements set forth in Rule 16.  For instance, although Exhibit A provides Dr. Stewart's curriculum vitae, McCoy has failed to include "a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition."  *See* Dkt. No. 310-1; Fed. R. Crim. P. 16(b)(1)(C)(iii).  Similarly, Dr. Stewart has neither signed the disclosure, nor has McCoy explained why his signature could not have been obtained through reasonable efforts.  *See* Dkt. No. 310; Fed. R. Crim. P. 16(b)(1)(C)(v).  As a result, because McCoy has failed to satisfy practically all of the requirements of Rule 16, the Government's motion to exclude the testimony of Dr. Stewart, Dkt. No. 316, is GRANTED.[5]

---

[5] Because McCoy's failure to comply with the strictures of Rule 16 is sufficient by itself to exclude Dr. Stewart's testimony, the Court need not, and does not, reach the Government's other asserted grounds for relief.  *See* Fed. R. Crim. P. 16(d)(2)(C); Dkt. No. 316 at 10–16 (suggesting Dr. Stewart's testimony lacks evidentiary reliability, is irrelevant, and improper under the Insanity Defense Reform Act).

## II. Motion to Continue Trial and/or Reopen the Expert Witness Disclosure Deadline

In his response to the Government's motion to exclude the testimony of Dr. Stewart, McCoy largely does not dispute the Government's arguments. *See generally* Dkt. No. 324. Instead, he moves to re-open the expert witness disclosure deadline and/or continue the current April 7, 2025 trial date by 90 days in order to permit: (1) the inspection of evidence which has not yet been scheduled or conducted; (2) the resolution of "numerous outstanding issues to include but not limited to a phone in which exculpatory evidence is included that has not been provided to the Defendant by the Government to date;" (3) the receipt of "investigative assistance" to which he has a "constitutional right" but which he has yet to obtain "despite his repeated requests;" and (4) the correction of the deficiencies that the Government identifies in his expert witness disclosure. *See id.* at 5–6.

None of these reasons, however, provide good cause or justification for the requested relief. Notably, even if the Court were to assume that any of these vague and conclusory assertions are true—something which the Government certainly disputes[6]—such outstanding issues are reflective of little more than McCoy's

---

[6] *See* Dkt. No. 325 at 6–7. And indeed, at least some of McCoy's assertions appear to be contradicted by the record. *See, e.g.*, Dkt. No. 265-1 at 1 (requesting, in a motion dated September 4, 2024, that the trial date be continued as he had recently retained a private investigator).

ongoing lack of diligence and preparation for trial. The need to correct an insufficient expert disclosure, for instance, is a problem, not a justification to resolve the problem. This matter has been pending since October 2023. From the outset, McCoy demanded to go to trial "immediately." *See* Dkt. No. 166 at 22. Despite that, the trial date has been continued multiple times, including at McCoy's request. *See, e.g.*, Dkt. Nos. 99 & 269. He has therefore had more than enough time to prepare for trial with the assistance of standby counsel, including more than enough time to secure and prepare experts. McCoy fails to provide any explanation as to why his diligence has nonetheless left him unprepared for the April 7, 2025 trial date, nor has he explained how yet another requested extension would enable him to remedy his preparation challenges. *See* Dkt. No. 324 at 6 (seeking an additional 90 days "[i]n the abundance of caution."); *see also* Crim. L.R. 2.1 ("Counsel are discouraged, absent good cause shown, from seeking multiple continuances of a trial."). On the other hand, what would be the *sixth* continuance of the trial date[7] would certainly inconvenience and prejudice the Government, including its witnesses, as well as the Court insofar as managing its docket. Because McCoy has failed to provide *any* reason which would justify either re-opening the expert witness disclosure deadline or continuing the April 7,

---

[7]The current April 7, 2025 trial date is the fifth trial date that has been set in this case. *See* Dkt. Nos. 24, 141, 221, 270 & 275.

2025 trial date, his motion, Dkt. No. 324, is DENIED.  The parties and their counsel should be prepared to proceed on April 7, 2025, as scheduled.

## CONCLUSION

For the reasons set forth herein, the Government's motion to exclude the testimony of Dr. Stewart, Dkt. No. 316, is GRANTED, and McCoy's motion to re-open the witness disclosure deadline and/or continue trial, Dkt. No. 324, is DENIED.

IT IS SO ORDERED.

DATED: February 11, 2025 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

*United States of America v. Isaiah McCoy*; Crim. No. 23-00085-DKW-KJM; **ORDER GRANTING GOVERNMENT'S MOTION TO EXCLUDE TESTIMONY OF DR. PABLO STEWART AND DENYING DEFENDANT'S MOTION TO RE-OPEN THE EXPERT WITNESS DISCLOSURE DEADLINE AND/OR CONTINUE TRIAL**