IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ISAIAH MCCOY,<br><br>Defendant. | Case No. 23-cr-00085-DKW-KJM<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT AND MOTION TO SANCTION THE GOVERNMENT FOR PROSECUTORIAL MISCONDUCT** |

Pending before the Court is Defendant Isaiah McCoy's motion to dismiss the Indictment with prejudice and to sanction the Government for prosecutorial misconduct. Dkt. No. 313. McCoy contends that the Court's decision to suppress his jailhouse calls, *see* Dkt. No. 300, has rendered the remainder of the Government's evidence "fruit of the poisonous tree" and thus mandates the dismissal of all but one of his charges.[1] He further contends that because the Government's attorneys have refused his demands for a voluntary dismissal, they should be sanctioned. Because the Court's decision to suppress certain calls was based not on *constitutional* or *statutory* violations, but rather on the Government's

---

[1] McCoy concedes that Count 1 (sex trafficking of a minor) may remain, as he "intends to exonerate himself in open court in front of a jury of his peers." *See* Dkt. No. 326 at 27.

*procedural* infirmities, there can be no fruit of the poisonous tree consequence or related prosecutorial misconduct. *See* Dkt. Nos. 301 & 307. As a result, McCoy's motion, Dkt. No. 313, is DENIED, as more fully explained below.

## FACTUAL & PROCEDURAL BACKGROUND[2]

Defendant Isaiah McCoy is charged with eighteen counts, including: (1) one count of sex trafficking of a minor in violation of 18 U.S.C. §§ 1591(a)(1), (b)(1), (b)(2), and (c); (2) four counts of sex trafficking by force, fraud, or coercion in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(1); (3) nine counts of interstate and foreign travel or transportation in aid of racketeering enterprises in violation of 18 U.S.C. § 1952(a)(3)(A); (4) three counts of obstructing a sex trafficking investigation in violation of 18 U.S.C. § 1591(d); and (5) one count of transportation for purposes of prostitution in violation of 18 U.S.C. §§ 2421(a) and 2. Dkt. No. 1.

On October 17, 2024, McCoy filed a motion seeking to: (1) quash the Government's ongoing subpoenas of his prison phone calls; (2) suppress the use at trial of any phone calls received thus far; and (3) sanction the Government for allegedly violating attorney-client privilege by accessing certain communications between McCoy and his defense team reflected in those calls. Dkt. No. 277. On

---

[2]The Court presumes the parties' familiarity with the procedural and factual background of this case and thus, sets forth only the background necessary for an understanding of the instant issues.

October 30, 2024, the Government filed a brief in opposition, Dkt. No. 286, which failed to:

> (1) address McCoy's legal contentions that the Government's subpoena power does not give it 'the right to gather and search all [prison] calls without reasonable basis or reason;' or (2) submit a declaration by HSI Special Agent Custer addressing what she discovered, if anything, and what actions she took upon discovery of the allegedly privileged communications between McCoy and his defense team, described, in part, in the three reports of investigation attached to McCoy's declaration.

Dkt. No. 291.  The Court therefore ordered the Government to file a supplemental brief addressing "these issues."  *Id.*

On November 19, 2024, the Government filed two supplemental briefs, both of which addressed *only* the second of the two issues identified in the Court's Order.  *See* Dkt. Nos. 293 & 295.[3]  As a result, having found that the Government had repeatedly failed to oppose McCoy's arguments or authorities with respect to obtaining his prison phone calls, the Court granted McCoy's motion to quash the Government's subpoenas and to suppress at trial any calls received thus far.[4]  *See* Dkt. Nos. 300 & 301.

---

[3] The two briefs differed only in one respect not relevant here.  *Compare* Dkt. No. 293, *with* Dkt. No. 295.

[4] The Court denied McCoy's request for sanctions, or for an order to show cause with respect to sanctions, after finding that the Government had not violated the attorney-client privilege.  *See* Dkt. No. 301 at 8–9.

On December 9, 2024, McCoy sent the Government a letter that he also filed with the Court. Dkt. No. 302. Therein, McCoy asserted "the Courts [sic] suppression order [] affects the majority of the Government's case" because "the poisonous prison calls are inextricably intertwined with every aspect of your investigation outside the 1591 count with the minor and . . . make[] this prosecution a mission impossible." Dkt. No. 302-1 at 2. McCoy requested that the Government voluntarily dismiss with prejudice "all counts with the exception of the 1591 count involving a minor." *Id.* The Government responded by email, declining to accede to McCoy's demands. *See* Dkt. No. 323 at 6.

On December 10, 2024, the Government moved for reconsideration of the Court's suppression order. Dkt. No. 303. On December 18, 2024, the Court denied the motion, finding that the Government had failed to provide any proper grounds for reconsideration. Dkt. No. 307. The Court further noted that even if it were to reach the merits, the end result would be no different because the Government had made "little effort to *apply* [the relevant standard for obtaining jailhouse calls] to the subpoenas or facts at issue." *Id.* at 5–6 n.7.

On December 23, 2024, McCoy filed a second letter addressed to the Government. Dkt. No. 311. McCoy reiterated his belief that "[t]he prison communications and subpoenas you have relied upon so heavily have been declared unlawful and thus poisonous," and again requested that the Government

"dismiss[] with prejudice [] all counts with the exception of the 1591 count involving the alleged minor victim." Dkt. No. 311-1 at 2–3. The Government, once more, declined to do so. *See* Dkt. No. 313 at 4.

On January 2, 2025, McCoy filed the instant motion to dismiss the Indictment and to sanction the Government for prosecutorial misconduct. Dkt. No. 313. The Government responded on January 21, 2025, Dkt. No. 323, and McCoy replied on January 31, 2025, Dkt. No. 326. Pursuant to Criminal Local Rule 12.2(a), the Court elects to decide this matter without a hearing, and this Order now follows.

## STANDARD OF REVIEW

### I. Dismissal of the Indictment

Federal Rule of Criminal Procedure 12(b) provides that, among other things, a defendant may raise a pretrial motion to dismiss the indictment based on "any defense which is capable of determination without trial of the general issue." *See United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993) (quotation marks omitted); Fed. R. Crim P. 12(b)(1) & (b)(3). In ruling on such motions, the Court must "presume the truth of the allegations in the charging instruments" and may not "consider evidence not appearing on the face of the indictment." *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) (quotation marks citations omitted). "Although the court may make preliminary findings of fact necessary to decide the

legal questions presented by the motion, the court may not invade the province of the ultimate finder of fact." *Nukida*, 8 F.3d at 669 (quotation marks and citation omitted). As a result, a defendant may not use a Rule 12(b) motion to "challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence" or "as a device for a summary trial of the evidence." *Jensen*, 93 F.3d at 669 (quotation marks and citation omitted); *accord Nukida*, 8 F.3d at 669–70.

## II. Sanctions for Prosecutorial Misconduct

Pursuant to Criminal Local Rule 83.3, "any attorney permitted to practice in this court . . . shall be governed by and shall observe the standards of professional and ethical conduct required of members of the State Bar of Hawaii" including compliance with the Hawai'i Rules of Professional Conduct ("HRPC"). *See* Crim. L.R. 83.3; *United States v. Gaitan-Ayala*, 2008 WL 1752678, at *3 (D. Haw. Apr. 17, 2008). When alleged misconduct, including a violation of the HRPC, "is brought to the attention of the court, the court may, in its discretion" take action including "disbarment from this court, suspension from practice for a definite time, public or private reprimand, monetary penalties, including the payment of costs of the disciplinary proceedings, restitution, and/or such other discipline as the court may deem proper." *See* Crim. L.R. 83.4(a).

# DISCUSSION[5]

## I.      Dismissal of the Indictment

The exclusionary rule is an evidentiary doctrine which "requires trial courts to exclude unlawfully seized evidence in a criminal trial." *Utah v. Strieff*, 579 U.S. 232, 237 (2016). Under the Supreme Court's precedents, "the exclusionary rule encompasses both the primary evidence obtained as a direct result of an illegal search or seizure and, relevant here, evidence later discovered and found to be derivative of an illegality, the so-called fruit of the poisonous tree." *See id.* (quotation marks and citation omitted); *see also Wong Sun v. United States*, 371 U.S. 471, 484 (1963) ("The exclusionary prohibition extends [] to the indirect as [well as] the direct products of such invasions."). The "core rationale" of "this admittedly drastic and socially costly course" is rooted in "deter[ring] police from violations of *constitutional* and *statutory* protections." *Nix v. Williams*, 467 U.S. 431, 442–43 (1984) (emphases added). As a result, both the Supreme Court and the Ninth Circuit have consistently refused to apply the fruit of the poisonous tree doctrine where the trial court excluded the primary evidence for reasons other than a constitutional or statutory violation. *See, e.g.*, *United States v. Patane*, 542 U.S. 630, 641–43, 642 n.4 (2004) (finding "no reason to apply the 'fruit of the

---

[5]Because McCoy is *pro se*, the Court liberally construes his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

poisonous tree' doctrine" to exclude evidence derived from a "mere failure to give *Miranda* warnings" because "there are no violations (statutory or constitutional) to deter"); *United States v. Lefkowitz*, 618 F.2d 1313, 1318 n.8 (9th Cir. 1980) ("Because we reject infra [defendant's] argument that the marital privileges are somehow constitutionally grounded in, among other locations, the Fourth Amendment, we doubt that a secondary source of information obtained through information protected by the confidential marital communications privilege would in any way be 'tainted.'").

Here, McCoy argues that the fruit of the poisonous tree doctrine requires that all counts against him, other than Count 1, be dismissed because the suppressed "prison communications and subpoenas" are "so infused, commingled, and intertwined" with the Government's "search warrants, investigation and indictment . . . that it would be impossible to remove them without imploding the Governments [sic] case." *See* Dkt. No. 313 at 8–13. This argument, however, relies on a single erroneous assumption—that is, that the Court suppressed McCoy's prison calls based on a finding that the Government had violated the Fourth Amendment. *See* Dkt. No. 326 at 8–9. No such finding exists. In suppressing McCoy's prison calls, the Court plainly stated:

> I am granting Mr. McCoy's request to suppress the prison phone calls that the government has acquired for any use going forward at trial. That is *because you, the government, has failed to address his arguments, his authority,* including the *Procunier* case, whether that

> case in fact holds and what he's represented it holds, I don't know. But truthfully, I don't care, because it is not my obligation to do the government's legal research for it. It is your obligation to contest it. It is your obligation to distinguish it to explain why it's not the controlling law, if in fact it's not the controlling law. And I'm not doing anything to do your work for you.

Dkt. No. 301 at 8 (emphasis added). Put differently, the suppression of McCoy's phone calls was based *solely* on the Government's repeated failures to oppose McCoy's arguments and authority—not on the Fourth Amendment or any other constitutional or statutory violation.[6] As such, because there is "nothing to deter," the Court declines to apply the fruit of the poisonous tree doctrine to bar any additional evidence allegedly derived from the suppressed phone calls. *See Patane*, 542 U.S. at 642. McCoy's motion to dismiss the Indictment, Dkt. No. 313, must therefore be DENIED.[7]

---

[6]McCoy suggests, based on footnote 7 in the Court's Order Denying United States of America's Motion for Reconsideration, Dkt. No. 307, that the Court implicitly found that the Government's subpoenas were "unreasonable" in violation of the Fourth Amendment. *See* Dkt. No. 326 at 9–13. This argument reads far too much into the footnote. The footnote states only that, "[e]ven if the Court were to reach the merits, the end result would be no different" as "the Government [] makes little effort to *apply* [the relevant standard] to the subpoenas or facts at issue." Dkt. No. 307 at 5–6 n.7. As is plainly evident, not only were these statements dicta, but their purpose and effect was simply to highlight the Government's failure to once again apply the law to the facts. The Court did *not* find a constitutional violation—implicitly or otherwise—in footnote 7 or anywhere else.

[7]Notably, even if the Court had found that McCoy's phone calls were obtained in violation of the Fourth Amendment, it does not automatically follow that the same would require the suppression of any other evidence or establish a basis on which to dismiss the Indictment. *See United States v. Gorman*, 859 F.3d 706, 718 (9th Cir. 2017) (summarizing the three exceptions to the fruit of the poisonous tree doctrine); *Jensen*, 93 F.3d at 669 (reiterating a Rule 12(b) motion may not be used to raise a premature challenge to the sufficiency of the Government's evidence).

II.     **Sanctions for Prosecutorial Misconduct**

Throughout history, the Supreme Court has repeatedly underscored "the special role played by the American prosecutor in the search for truth in criminal trials." *Strickler v. Greene*, 527 U.S. 263, 281 (1999). Unlike other lawyers, "[t]he United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done." *Berger v. United States*, 295 U.S. 78, 88 (1935). As a result, in addition to the duties imposed by the HRPC on every attorney to avoid conduct involving dishonesty, fraud, deceit, or misrepresentation and to act with candor towards the tribunal, a prosecutor has the specific "responsibility of a minister of justice" to "see that the defendant is accorded procedural justice, that guilt is decided upon the basis of sufficient evidence, and that special precautions are taken to prevent and to rectify the convictions of innocent persons." *See* HRPC Rules 3.3, 3.8 cmt. 1 & 8.4.

Here, McCoy contends that the Government's attorneys should be sanctioned as their "lack of candor towards the tribunal" and "unethical misrepresentation" constitute flagrant "prosecutorial misconduct." Dkt. No. 313 at 8. According to McCoy, although the Government "knows and understands how

extreme their reliance was on the unlawful prison communications and subpoenas," they "refus[e] to again acknowledge the obvious" and instead, "pretend[] and postur[e] as if they do not realize that this Court's decision affects their case dramatically and requires the dismissal of most if not all of the charges in the Indictment with prejudice." Dkt. No. 313 at 7–8. Such acts "impugn[] on the integrity of the judicial process and the Department of Justice and cannot be tolerated, condoned or accepted and must be disciplined accordingly to prevent other AUSA's [sic] from mimicking or copying such dishonorable conduct[.]" *Id.* at 16.

    This argument, however, is once again premised on the core assumption that the Court found the suppressed prison phone calls to be unlawfully obtained and thus poisonous, such that the Government no longer has any evidence with which to support its case. *See* Dkt. No. 313 at 4–8; Dkt. No. 326 at 9. That assumption, as discussed above, is clearly misplaced. *See supra* 7–9. Consequently, because there can be no misconduct—professional, prosecutorial, or otherwise—in refusing to dismiss counts that the Government has no obligation to dismiss, McCoy's motion for sanctions, Dkt. No. 313, is also DENIED.

# CONCLUSION

For the reasons set forth herein, Defendant Isaiah McCoy's motion to dismiss the Indictment and to sanction the Government for prosecutorial misconduct, Dkt. No. 313, is DENIED.[8]

IT IS SO ORDERED.

DATED: March 3, 2025 at Honolulu, Hawai‘i.



Derrick K. Watson
Chief United States District Judge

---

United States of America v. Isaiah McCoy; Crim. No. 23-00085-DKW-KJM; **ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT AND MOTION TO SANCTION THE GOVERNMENT FOR PROSECUTORIAL MISCONDUCT**

---

[8] McCoy's motion to file under seal Exhibits B through E of his motion to dismiss the Indictment, Dkt. No. 314, is consequently MOOT and deemed withdrawn.