IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>ISAIAH McCOY,<br><br>                Defendant. | CR. NO. 23-00085 DKW-KJM<br><br>ORDER DENYING DEFENDANT'S MOTION TO RECUSE CHIEF JUDGE WATSON, ECF NO. 338 |

## ORDER DENYING DEFENDANT'S MOTION TO RECUSE CHIEF JUDGE WATSON, ECF NO. 338

### I. INTRODUCTION

Pro se Defendant Isaiah McCoy ("Defendant") moves to disqualify Chief Judge Watson under 28 U.S.C. §§ 144 and 455. ECF No. 338. For the reasons that follow, the Motion to Recuse is DENIED.[1]

### II. DISCUSSION

#### A. Background

Defendant was charged in an October 26, 2023 indictment with: (1) one count of sex trafficking of a minor in violation of 18 U.S.C. §§ 1591(a)(1),

---

[1] Defendant's Motion seeks not only the recusal of Chief Judge Watson, but also seeks a continuance of the trial date and an order permitting an interlocutory appeal of a prior order issued by Chief Judge Watson. To be clear, this Order addresses only the portion of the Motion that seeks the disqualification of Chief Judge Watson, which is the limited issue referred to this court. *See* ECF No. 341.

(b)(1), (b)(2), and (c); (2) four counts of sex trafficking by force, fraud, or coercion in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(1); (3) nine counts of interstate and foreign travel or transportation in aid of racketeering enterprises in violation of 18 U.S.C. § 1952(a)(3)(A); (4) three counts of obstructing a sex trafficking investigation in violation of 18 U.S.C. § 1591(d); and (5) one count of transportation for purposes of prostitution in violation of 18 U.S.C. §§ 2421(a) and 2. ECF No. 1. Trial is scheduled for April 7, 2025, before Chief Judge Derrick Watson. ECF No. 274.

Defendant now seeks the disqualification of Chief Judge Watson under 28 U.S.C. §§ 144 and 455. In support of his Motion to Recuse, Defendant claims as follows:[2]

Prior to the current indictment, Defendant was previously charged with a sex trafficking case in the District of Hawaii, and that case was dismissed with prejudice due to Government misconduct. *See* Cr. No. 18-00016 SOM. Defendant will seek to call two of the former Assistant United States Attorneys associated with that case—Thomas Brady (presently employed at the City and County of Honolulu Prosecutor's Office) and Ken Sorenson (presently serving as Acting United States Attorney)—as witnesses at Defendant's upcoming trial "to

---

[2] This background is taken from Defendant's memorandum, ECF No. 338 at PageID.2291–2297, and Defendant's affidavit, ECF No. 338-1. The court cites to specific parts of these filings only when quoting directly from them.

2

prove that the current investigation in this case is a direct product of a vendetta that stems from Defendants [sic] previous victory against Federal Law Enforcement." ECF No. 338 at PageID.2292–2293.  Defendant states that "[t]he information that the Defendant has is that Judge Watson and Thomas Brady and Kenneth Sorenson are friends" and that "Judge Watson was a career Federal Prosecutor here in Hawaii and worked with Thomas Brady and Kenneth Sorenson."  ECF No. 338-1 at PageID.2299.[3]

Defendant also points out that his current prosecution—in order to avoid conflict with the United States Attorney's Office for the District of Hawaii due to the dismissal of his prior case—is being handled solely by attorneys from the Civil Rights Division of the United States Department of Justice.  That is, the United States Attorneys' Office for the District of Hawaii is not involved in the prosecution of the case.  From these facts, Defendant posits that Chief Judge Watson should likewise have recused, given his prior employment and because of "information" that Chief Judge Watson is friends with Brady and Sorenson.  Then, with no factual support, Defendant claims that Chief Judge Watson's "relationship

---

[3] The court is aware that, prior to assuming the bench in April 2013, Chief Judge Watson served as an Assistant United States Attorney in the District of Hawaii for a number of years. The court is also aware that Chief Judge Watson was in the civil section of that office, and thus he was not a "career Federal Prosecutor."  Per the United States, "[a]ccording to open-source research, Judge Watson served as an Assistant United States Attorney in the District of Hawaii from 2007 to 2013, serving as the Chief of the Civil Division from 2009 to 2013."  ECF No. 344 at PageID.2367.

3

within Hawaii with Thomas Brady and others has biased [Chief Judge Watson] against Defendant," and "no doubt [Chief Judge Watson] discussed Defendant with Thomas Brady and Ken Sorenson . . . ." *Id*. at PageID.2293. At its core, then, Defendant speculates that Chief Judge Watson issued an unfavorable ruling against him, and that the only "conclusion" that can be drawn from that ruling is that Chief Judge Watson did so based on his prior employment and relationship with Brady and Sorenson.

Finally, Defendant states that Judge Watson's father "was an HPD officer and Judge Watson is a career prosecutor/law enforcement officer," that "Judge Watson has already engaged in abusive and harassing behavior" toward him, and that he "believes that Judge Watson has a personal bias and prejudice against him." ECF No. 338-1 at PageID.2299–2300.

The United States filed an opposition to the Motion to Recuse on March 17, 2025. ECF No. 344. Pursuant to Criminal Local Rule 12.2(a)(1), the court finds this matter suitable for disposition without a hearing.

**B.     Standard of Review**

The applicable standards for disqualification of a federal judge are found in 28 U.S.C. §§ 144 and 455. As provided in 28 U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal

> bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Section 455 similarly provides, in pertinent part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party . . . .

 "Under both . . . statutes, the substantive standard is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (citations, quotation marks, and alterations omitted), *abrogated on other grounds by Simmons v. Himmelreich*, 578 U.S. 621 (2016). "The 'reasonable person' is not someone who is hypersensitive or unduly suspicious, but rather is a well-informed, thoughtful observer . . . who

5

understand[s] all the relevant facts and has examined the record and law." *United States v. Holland*, 519 F.3d 909, 913–14 (9th Cir. 2008) (internal citations and quotation marks omitted). "The standard must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Id.* at 913 (citation and quotation marks omitted); *In re Creech*, 119 F.4th 1114, 1121 (9th Cir. 2024) (same); *Perry v. Schwarzenegger*, 790 F. Supp. 2d 1119, 1129 (N.D. Cal. 2011) (stating that the standard does not mandate recusal on mere unsubstantiated suspicion of bias).

Moreover, the alleged bias or prejudice "must usually stem from an extrajudicial source." *Pesnell*, 543 F.3d at 1044. The Supreme Court has explained:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves . . . they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

*Liteky v. United States*, 510 U.S. 540, 555 (1994).  "[E]xpressions of impatience, dissatisfaction, annoyance, and even anger are not grounds for establishing bias or impartiality, nor are a judge's efforts at courtroom administration." *Pesnell*, 543 F.3d at 1044 (internal quotation marks omitted) (quoting *id*. at 555–56).

**C.  Analysis**

Initially, Defendant's underlying premise—that at *trial* he can call as witnesses two prosecutors that worked on his previous case to prove that the current case is a "vendetta"—is incorrect.  Claims of outrageous government conduct or vindictive prosecution must be raised before a judge, not a jury.  *See* Federal Rule of Criminal Procedure 12(b) (requiring a claim of selective or vindictive prosecution to be raised pre-trial); *United States v. Sotelo-Murillo*, 887 F.2d 176, 182 (9th Cir. 1989) (holding that claims of outrageous government conduct must be submitted to the court, not the jury); *United States v. Lee*, 2023 WL 4491497, at *3 (D. Alaska July 12, 2023) (claims of outrageous government conduct or prosecutorial misconduct are questions of law and  "not a matter for the jury"); *United States v. Duncan*, 896 F.2d 271, 274–75 (7th Cir. 1990) (agreeing "with the Second Circuit that an outrageous governmental conduct defense must be made the subject of a pre-trial motion"); *United States v. Engler*, 806 F.2d 425, 430 (3d Cir. 1986) ("The question whether government conduct was so outrageous

as to constitute a violation of due process is a question of law to be determined by the court, not the jury.").

But even if Brady and Sorenson could be called by Defendant as witnesses (whether at a jury trial or before a judge), the Motion to Recuse still fails. By Defendant's own admission, he is unaware of the relationship between Chief Judge Watson and Brady/Sorenson. Defendant simply states that "[t]he information that the Defendant has is that Judge Watson and Thomas Brady and Kenneth Sorenson are friends." ECF No. 338-1 at PageID.2299. Although the court must generally accept allegations in a § 144 affidavit as true, *Ronwin v. State Bar of Ariz.*, 686 F.2d 692, 701 (9th Cir. 1981), *rev'd on other grounds sub nom. Hoover v. Ronwin*, 466 U.S. 558 (1984), Defendant bases his claim on unspecified "information." This lack of support is fatal to the very foundation of his argument. *See Clemens v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005) (agreeing with *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995), in finding that "[r]umor, speculation, beliefs, conclusions, innuendo, opinion, and similar non-factual matters" are not ordinarily sufficient to require recusal); *Klein v. Flamm*, 2025 WL 445677, at *2 (D. Nev. Feb. 10, 2025) (same); *United States v. Hubbard*, 2022 WL 281548, at *3 (D. Haw. Jan. 31, 2022) ("Defendant's speculation and beliefs . . . do not support recusal.").

And going even one step further, even if Brady and Sorenson could be called by Defendant as witnesses, and if the court accepted that Chief Judge Watson had some level of friendship with both of them, the Motion to Recuse again fails. As a general rule, a judge is not required to recuse on the basis of a friendship with a witness. *See United States v. Pacheco*, 912 F.2d 297, 305 (9th Cir. 1990) ("There was no vindictive prosecution in Pacheco's case, nor was the trial judge required to recuse himself on the basis of his prior friendship with a witness."); *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 665 (8th Cir. 2003) ("Generally, a court will deny a recusal claim alleging no more than a friendship between a judge and a witness . . . ."); *Wolfe v. Cate*, 2011 WL 202463, at *7 (E.D. Cal. Jan. 20, 2011) ("[T]he fact that a judge might be personally acquainted, or even friendly, with a witness does not require recusal."); *United States v. Cole*, 293 F.3d 153, 164 (4th Cir. 2002) (stating that recusal is necessary only where a judge's relationship with a witness would cause a neutral third party to reasonably question her impartiality); *Bronick v. State Farm Mut. Auto. Ins. Co.*, 2013 WL 3489831, at *3 (D. Ariz. July 11, 2013) ("In general, a judge's mere acquaintance or familiarity with a witness does not require disqualification. Recusal is required, however, where a judge's personal relationship with a witness rises to a level that is so friendly or antagonistic that it would lead a reasonable person to question the judge's impartiality. As a general rule, the more insignificant the relationship and

9

the greater the temporal distance between contacts, the less likely it is that a judge's impartiality can reasonably be questioned."); *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 2008 WL 169636, at *5 (D. Ariz. Jan. 16, 2008) (same).

Defendant has provided no facts that would lead the court to depart from this general rule.  There is no evidence of the sort of relationship that would cause a neutral third party to reasonably question Chief Judge Watson's impartiality.  The fact that he previously served—over eleven years ago—as an Assistant United States Attorney provides no basis whatsoever for the court to conclude that any bias exists or could exist.  A judge who previously served as an Assistant United States Attorney "is only disqualified from cases on which he or she actually participated."  *See United States v. Champlin*, 388 F. Supp. 2d 1177, 1181 (D. Haw. 2005); *see also United States v. Scholl*, 166 F.3d 964, 977 (9th Cir. 1999); *Tripodi v. United States*, 2021 WL 2283797, at *4 (D. Ariz. May 14, 2021); 28 U.S.C. § 455(b)(3) (stating that a judge should disqualify "[w]here he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding").  There is simply no evidence that a neutral third party would reasonably question Chief Judge Watson's impartiality.

And Defendant's conclusory statement that he: (1) "believes that Judge Watson has a personal bias and prejudice against him"; and (2) "believes that he will not get a fair trial if Judge Watson is the presiding Judge," ECF No. 338-1 at PageID.2299–2300, fall well short of supplying the sorts of facts necessary to require recusal. *United States v. Holland*, 519 F.3d at 913.[4]

Finally, the fact that Chief Judge Watson's father was formerly employed by the Honolulu Police Department has absolutely no relevance to whether Chief Judge Watson should be recused, and is not a reason for disqualification.

### III. CONCLUSION

Based on the foregoing, Plaintiff has failed to demonstrate that a reasonable person with knowledge of all the facts would conclude that Chief Judge Watson's impartiality might reasonably be questioned. The Motion to Recuse, ECF No. 338, is thus DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 17, 2025.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

---

[4] Further, as set forth above, "expressions of impatience, dissatisfaction, annoyance, and even anger are not grounds for establishing bias or impartiality, nor are a judge's efforts at courtroom administration." *Pesnell*, 543 F.3d at 1044 (internal quotation marks omitted) (quoting *Liteky*, 510 U.S. at 555–56).